DANIEL M. ROBBINS AND ELLSWORTH C. WARNER, CO-PARTNERS
DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF ROBBINS
& WARNER, v. JOHN W. MAHER.

Opinion filed May 19, 1905.

**Without the Principal's Consent a Broker Cannot Contract in His Own Name.**

1. A broker employed to negotiate a sale of grain for future delivery has no authority, without his principal's consent, to make the contract for such sale in his own name.

**Where a Broker So Contracts He Can Recover for Neither Services Nor Advances.**

2. A broker cannot recover from his principal either for services or for money advanced by reason of a sale of grain negotiated for the principal, where, without the latter's consent, the broker has contracted in his own name.

**Custom.**

3. The fact that it was the custom of brokers at the place of sale to negotiate sales in their own names, without disclosing their principals, and to assume personal liability for the completion of such sales, is not sufficient to prove authority to sell in the broker's name, if it is not shown that the principal had knowledge of the custom.

Appeal from District Court, Ramsey county; Cowan, J.

Action by Daniel M. Robbins and Ellsworth C. Warner against John W. Maher. Judgment for defendant, and plaintiffs appeal.

Affirmed.

*Townsend & Denoyer*, for appellants.

The subject matter of this controversy occurring in Minnesota, it is governed by the laws of that state, including its statute of frauds. The statute of frauds of that state not being pleaded, and not being a part of the common law, it is not presumed to be a. part of our own. 8 Am. & Eng. Enc. Law (1st Ed.) 561; Story on Conflict of Law, section 280; Miller v. Wilson, 34 N. E. 1111; Scudder v. Union Nat'l Bank, 91 U. S. 406, 23 L. Ed. 245; Ellis x. Maxson, 19 Mich. 186, 2 Am. Rep. 81; 9 Enc. Pl. & Pr. 715; 8 Am. & Eng. Enc. Law (1st Ed.) 658; Mathews v. Ansley, 31 Ala. 22; Carrington v. Roots, 1 McLean, 176.

The defense of the statute of frauds cannot be set up against an executed contract. Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct.

Rep. 950; Dodge v. Crandall, 30 N. Y. 294; Brown v. Farmers' Loan & Trust Co., 22 N. E. 952; Madden v. Floyd, 69 Ala. 221; Gordon Rankin & Co. v. Tweedy, 71 Ala. 202; Huntley v. Huntley, 114 U. S. 394, 20 L. Ed. 130; Brown on Statute of Frauds, 160; Newman v. Nellis, 97 N. Y. 285; Brown on Statute of Frauds, section 116; Andrews v. Jones, 10 Ala. 400; Slatter v. Mark, 35 Ala. 522; Langerfelt v. Meker, 100 Ala. 430; Reedy v. Smith, 42 Cal. 245; Buttman v. Nash, 12 Me. 3; Starrett v. Mullen, 20 N. E. 178; Swanzey v. Moore, 74 Am. Dec. 134; Anderson School Tp. v. Milroy Lodge of Free and Accepted Masons, 29 N. E. 411.

The transactions are not within the statute of frauds; they are contracts of agency, not of sale. Sayre v. Wilson, 5 So. 157; Kutz v. Fleisher, 7 Pac. 195; Hatch v. McBrien, 47 N. W. 214; Kelsey v. Henry; 48 Ind. 37; Bird v. Muninbrin, 44 Am. Dec. 247; Baldwin v. Flag, 36 N. J. Eq. 48.

*Brennan & Gray,* for respondent.

Oral testimony is incompetent to prove an agency to make a contract required by law to be in writing. Rev. Codes 1899, section 3314; McLaughlin v. Wheeler, 47 N. W. 816; Bergtholdt v. Porter Bros. Co., 46 Pac. 738.

Ratification, if any, must also be in writing. Rev. Codes 1899, section 4315; Morris v. Ewing, 8 N. D. 99, 76 N. W. 1047; Fargo v. Cravens, 70 N. W. 1053.

The sale was made in Minnesota and the law of that state applies. The complaint does not allege that the Minnesota law differs from ours, and it will, therefore, be presumed the same. National Ger. Am. Bank v. Lang, 2 N. D. 66, 49 N. W. 414; Marston v. Lash, 61 Cal. 622.

The statute of frauds of Minnesota is presumed a part of the common law of Minnesota, unless the contrary is shown. Coburn v. Harvey, 18 Wis. 147; Spaulding v. Chicago, 30 Wis. 110; Norris v. Harris, 15 Cal. 226; Cent. Dig., volume 10, col. 866 D.

The sale was made in plaintiff's own name and the principal was not disclosed to purchasers nor purchaser to principal. A broker cannot contract in his own name without his principal's consent. Haas v. Ruston, 42 N. E. 298; Ewell's Evans Ag. side, p. 122; Irwin v. Williar, 110 U. S. 499, 29 L. Ed. 225; White v. Chouteau, 10 Barb. 202; Buckbee v. Brown, 21 Wend. 110.

The plaintiffs claim that the sale in their own name was according to the custom in Duluth, but fail to allege that defendant was aware of the custom or that they informed him of their custom. They cannot recover for advancements or commissions under such a state of facts. Haas v. Ruston, supra; Dunn v. Wright, 51 Barb. 244; Pickering v. Demerrit, 100 Mass. 416; Day v. Holmes, 103 Mass. 416; Blacqmore v. Heyman, 23 Fed. 648; Cent. Dig., volume 15, section 23, col. 1244; 1 Am. & Eng. Enc. Law (2d Ed.) 1117, 1118.

ENGERUD, J.  This is an appeal by plaintiffs from a judgment of dismissal rendered by the district court pursuant to a directed verdict for defendant. The plaintiffs were brokers engaged in buying and selling grain on commission at Duluth, Minn. They brought this action to recover $5 commission earned and $388 cash advanced in the sale of 2,000 bushels of flax for future delivery on defendant's account and at his request. The allegations of the complaint are substantially the same as the facts set forth in the offer of proof hereinafter referred to. The answer was a general denial, and further pleaded that the alleged transaction was void under the statute of frauds. The only question on this appeal is whether or not the facts upon which plaintiffs offered to prove at the trial were sufficient to establish prima facie a cause of action.

The offer of proof was as follows: "That upon August 30, A. D. 1899, the defendant, John W. Maher, at the defendant's office, in the city of Devils Lake, orally authorized H. M. Creel to sell through the plaintiffs at Duluth, Minnesota, 2,000 bushels of flax to arrive on or before October 30th, and that at the time of that conversation John W. Maher was informed orally by H. M. Creel that he was acting for Robbins & Warner, and was their agent at Devils Lake to solicit orders for them, and that in this oral conversation the defendant authorized Mr. Creel to sell 2,000 bushels of flax through Robbins & Warner, at Duluth, for $1.04 per bushel, or better, and to sell the same to arrive on or about October 30th; that upon October 30th Robbins & Warner purchased other flax to replace flax that they had sold in their own names for Maher, and that they purchased the same at one dollar and twenty-three and a quarter cents per bushel, and in making that purchase they bought the same upon the best terms for him; that it was the custom among brokers to sell flax upon such orders in their own name, and, in the case of the failure of the flax to arrive, to purchase other

flax to replace it; that the reasonable value of their commission in doing this work was five dollars, and that they lost the sum of $388 in the rise of flax, that they had to advance upon Maher's account; that no part of that sum has been repaid to them; and that the same was an oral transaction and an oral sale." It was expressly conceded that defendant signed no written agreement with Creel or the plaintiff, or the party to whom the flax was sold; and it is also conceded that Maher never gave any written authority to any person to make any contract in his behalf. There was also a further offer of proof to the effect that the plaintiffs, after making said sale, sent to defendant, by mail, a written statement of the transaction, but that defendant had never repudiated the transaction or referred to it, and that there had been no correspondence between them in respect to it. The offer did not show the contents of the statement.

We think the trial court rightly held that the facts were insufficient to entitle the plaintiffs to recover, even if it is assumed that the transaction was not affected by the statute of frauds, as to which proposition we express no opinion.

Appellants claim to recover on the theory that defendant requested the plaintiffs to sell the flax for him as brokers or agents, and that, by reason of the custom existing at Duluth in respect to such transactions, they were authorized by him to make the contract in their own name, and to assume personal liability for its fulfillment. The difficulty with that position is that the complaint did not allege, nor did the offer of proof show, that the defendant knew of that custom, or entered into the transaction in contemplation of it. If it were shown that he expressly or impliedly agreed that the transaction should be carried on according to that alleged custom, then the appellants would be in position to claim that the rule laid down in Bibb v. Allen, 149 U. S. 482, 13 Sup. Ct. 950, 37 L. Ed. 819, should apply to the case at bar. In that case the evidence showed that the dealings between the parties contemplated that the brokers should make contracts according to the rules and usages of the New York Board of Trade. It was that fact which, as the court expressly stated in the opinion, distinguished it from the case of Irwin v. Williams, 110 U. S. 499, 4 Sup. Ct. 160, 28 L. Ed. 225. A broker has no authority to contract in his own name in behalf of his principal without authority from the latter, and, if he does so, he has no claim upon his prin-

cipal for services or for loss incurred. Irwin v. Williams, supra; Haas v. Ruston (Ind. App.) 42 N. E. 298, 56 Am. St. Rep. 288. The facts which the plaintiffs offered to prove disclosed that the plaintiffs, without defendant's authority, contracted in their own name, and the loss they have suffered is not chargeable to the defendant. Neither have the plaintiffs any claim for their commission, because they did not, by the offer of proof, show that they had made any contract for their principal which he could enforce.

It is not claimed by the appellants in this court that the offer of proof as to the mailing of the statement was sufficient to establish a ratification by the defendant, and we do not, therefore, discuss that proposition.

The judgment is affirmed. All concur.