EDNA P. WEBB *vs.* ROBERT P. LEWIS and others.

January 20, 1891.

**Mortgage with Power of Sale—Subsequent Law Regulating Sale—Foreclosure Sale Pursuant to Such Law.**—A mortgage executed in April, 1877, contained a power of sale authorizing the mortgagee, in case of default in the conditions of the mortgage, to sell the mortgaged premises at public auction, and convey the same to the purchaser, agreeably to the statute in such case made and provided. *Held*, that this was a complete and valid common-law power, capable of being executed, even in the absence of any statute regulating the manner of its exercise. Also that there is nothing in the retrospective application of Laws 1878, *c.* 53, (Gen. St. 1878, *c.* 81, tit. 1,) to the mode of executing this power, which conflicts with the terms of the mortgage, or impairs its obligation as a contract. Hence that a sale under the power, made in 1879, in accordance with this statute, was valid.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing a new trial.

*S. & O. Kipp* and *Eller & How*, for appellant.

*W. K. Gaston* and *Warner, Richardson & Lawrence*, for respondents.

MITCHELL, J.    On March 3, 1877, the legislature, by chapter 121 of the General Laws of that year, repealed all of title 1, c. 81, Gen. St. 1866, relating to foreclosure by advertisement under a power of sale, except sections 3 and 4, (authorizing and regulating foreclosure for separate instalments of the mortgage debt,) section 9, (requiring separate tracts to be sold separately,) section 11; (prescribing the form of certificate which the officer making the sale should execute to the purchaser,) section 14, (prescribing the manner of making redemption,) section 15, (prescribing the form of the certificate of redemption,) and section 17, (providing that the interest acquired on such foreclosure sale should be subject to the lien of attachment or judgment.)    On April 12, 1877, one Isaac W. Webb, then the owner of the land here in controversy, and plaintiff, his wife, executed to one Laimbeer a mortgage thereon to secure payment of a note for $4,000 and interest.    This mortgage contained the following provisions: "The said first parties agree that if the maker of said note shall fail to pay any of said money, either principal or interest, when the same becomes due, or to conform to or comply with any of the foregoing conditions or agreements, the whole sum of money herein secured shall thereupon become due and payable at once, and the said parties of the first part do hereby authorize and empower the said party of the second part, his heirs, executors, administrators, or assigns, *to sell the property hereinbefore described at public auction, and convey the same to the purchaser in fee-simple, agreeably to the statute in such case made and provided,* and out of the moneys arising from such sale to retain the principal and interest which shall then be due on said note, together with all costs and charges, and also the sum of one hundred dollars as attorney's fees, and pay the overplus, if any, to the said parties of the first part, their heirs, administrators, or assigns; *or the holder of said note may, at its option, proceed in court and foreclose the mortgage.*    The attorney's fee shall be due and payable *upon the publication of the notice required by the statute, or, in case of foreclosure; upon the filing of a bill;* and the same shall be included in the amount to be made by party selling, or *by the sheriff*

*or other proper officer under the said statutory sale,* or on annual or special execution, with the other money, interest, and costs." On March 7, 1878, the legislature passed an act (Laws 1878, c. 53; Gen. St. 1878, c. 81, title 1,) "to provide for the foreclosure of mortgages on real estate by advertisement," which was substantially a re-enactment of the statute repealed the year before, except that, in addition to the publication of the notice of sale, it required a copy of it to be served personally upon the person in possession of the mortgaged premises, if actually occupied. This act was, by its terms, made applicable to every mortgage theretofore or thereafter executed containing a power of sale. Default having been made in the conditions of the mortgage, Laimbeer proceeded in 1879 to foreclose under the power of sale in pursuance of the provisions of the act of 1878, the notice of sale having been not only published, but also served personally on Webb, and plaintiff, his wife, and on their tenant, who occupied the premises. The sale was made by the sheriff, pursuant to the notice, at public auction, at the front door of the court-house, in St. Paul, on March 27, 1878, the mortgagee himself being the purchaser. No redemption having been made, at the expiration of a year after the sale the mortgagors surrendered the premises to Laimbeer, and he and his numerous grantees have ever since remained in possession. The plaintiff, claiming to be the owner of the premises through mesne conveyances from her husband, in February, 1889, brought this action for an accounting of the rents and profits, and to be allowed to redeem, claiming that the foreclosure was void.

The grounds upon which this claim is made are—*First*, that the power of sale contained in the mortgage was one only to be executed agreeably to the statute in such case made and provided, and, there being no statute then in force agreeably to which it could be executed, therefore it was defective and incapable of execution, and hence that the mortgage could, under the contract of the parties, be foreclosed only by sale after judicial decree, or by strict foreclosure, as authorized by the statutes in force when the mortgage was executed; *second*, that the law of March 7, 1878, was unconstitutional and void in its retrospective application.

The question involved is an important one, for it is a matter of common knowledge that mortgages executed between March 3, 1877, and March 7, 1878, generally contained similar powers of sale, and that, after the enactment of the law of 1878, many of them were foreclosed, as was this one, by advertisement. If such sales are, as plaintiff contends, invalid, many titles upon which parties have relied for years would be overturned. Counsel for plaintiff, with their usual ability, make a very ingenious argument in support of their contention, but it seems to us that it proceeds upon the false assumption that the power of sale contained in this mortgage was not in itself a complete and valid common-law power. Powers of sale are not the creatures of statute, but of the convention of the parties. Statutes merely regulate the manner of their execution. A party may grant a valid power of this kind in the absence of any statute either authorizing its creation or regulating its exercise. The act of 1877, although repealing most of the statutory provisions on the subject, neither prohibited the creation of such powers nor affected the common-law power of parties to make such contracts on such terms as they saw fit. The power in this mortgage is one to sell at public auction. It is true it adds "agreeably to the statute in such case made and provided," that is, the sale shall be conducted in conformity to the provisions of statute, if any, regulating the subject. If it was necessary in order to sustain the power, it would be proper to assume that the parties referred to the unrepealed sections of title 1, although we think it more reasonable to construe it as referring to the statute in force at the time the power should be executed. *James v. Stull*, 9 Barb. 482. But if there was in fact no statute at all regulating the matter, the power is nevertheless complete in itself, and capable of being executed without the aid of any statute. A sale at public auction implies a sale in a public place, after reasonable notice of the time and place of sale, so as to secure the presence of bidders and the best possible price for the property. A power in a mortgage to the mortgagee to sell is in the nature of a trust, and imposes upon him, by implication, the duty to execute it in good faith, and to exercise all reasonable diligence to obtain the best price; and doubtless the usual practice in making sales of real property on

judicial process, or under powers of sale, would, in the absence of any statute or provision in the mortgage regulating the subject, furnish the test and standard of the mortgagee's duty in the matter of making the sale. These powers are always subject to the control of the courts, if attempted to be exercised in a manner oppressive to the mortgagor. Inasmuch as the act of 1877 repealed section 13 of title 1, giving the mortgagor a year's redemption after sale under a power, there might have been a question whether the sale under this power was not absolute, and not subject to any right of redemption. But that question is not here involved, and can never now arise in the present case, as the right of redemption, if any ever existed, has long since expired.

We are therefore of opinion that the power contained in this mortgage was, at the time of its creation, a valid common-law power, capable of being executed even in the absence of any statute regulating the manner of its exercise. But it is unquestionably true that while the power itself rests upon the convention of the parties, yet the manner of its exercise, being analogous to the remedy in judicial proceedings, is, even as to existing mortgages, subject to legislative change and modification in any way not inconsistent with the express terms of the contract of the parties, and which leaves to the mortgagee an available and effective mode of executing the power. Such legislation, although retrospective in its operation, in no way impairs the obligation of the contract. *James* v. *Stull, supra.* The act of 1878 contained no provision respecting the execution of such powers that was in any manner inconsistent with the terms, express or implied, of the mortgage contract. It did require certain things to be done *in addition* to those required by this mortgage, such as the service of the notice of sale upon the occupant of the premises, which were intended for the benefit of the mortgagor, and of which, of course, he cannot complain. It is true it authorizes the sheriff to act as auctioneer, but this authority, we think, was fairly implied by the terms of the mortgage; and even if it was not, we think that it was entirely within the power of the legislature to make such provision applicable to existing mortgages. Who should act as auctioneer at a public sale is a mere matter of detail in the manner of exercising the power,

and in no way affects or impairs the obligation of the contract of the parties. We can see nothing in the retroactive application of the statute of 1878 to the mode or manner of executing the power contained in the mortgage which in any way impairs its obligation, and hence, in our opinion, the sale under this power in pursuance of the provisions of that statute was, in all respects, valid.

Order affirmed.

NOTE. A motion for a reargument of this case was denied February 11, 1891.