DOLLY A. TRACY CLARK v. J. P. BECK AND J. H. AHMAN.

Opinion filed May 23, 1905.

**Mortgage — Foreclosure.**

1. Rev. Codes 1899, section 5200, subdivision 2, limiting to ten years the time for commencing an action to foreclose a real estate mortgage, had no application to a proceeding to foreclose by advertisement, before the amendment of that section by chapter 120, p. 152, Laws 1901.

**Limitations.**

2. The time that had run since the accrual of the right to foreclose by advertisement before the taking effect of chapter 120, p. 152, Laws 1901, is not to be computed as part of the time limited by that amendatory act for commencing a proceeding to foreclose by advertisement.

Appeal from District Court, Dickey county; *Lauder, J.*

Action by Dolly A. Tracy Clark against J. P. Beck and J. H. Ahman. Judgment for defendants, and plaintiff appeals.

Affirmed.

*E. E. Cassels,* for appellant.
*S. G. Cady,* for respondents.

ENGERUD, J. This is an appeal by plaintiff from a final judgment in an action to quiet title, wherein the trial court held that the plaintiff's former title to the land had been divested by a sheriff's sale of the land made on November 23, 1901, in proceedings to foreclose a mortgage thereon by advertisement under the power of sale contained in the mortgage. The defendants have succeeded to the rights of the purchaser at said sale. It is conceded that the foreclosure proceedings were in all respects regular, and were sufficient to pass the title, unless the right to foreclose by advertisement had been barred because more than ten years had elapsed since the maturity of the mortgage debt. Before the enactment of chapter 120, p. 152, Laws 1901, there was no law limiting the time within which the right to foreclose by advertisement could be exercised. Such a foreclosure is not an action, and hence was not affected by section 5200, subdivison 2, Rev. Codes 1899, which limited the right to foreclose by action to ten years from the time the cause of action accrued. That section of the Code of Civil Procedure was amended by chapter 120, p. 152, Laws 1901, so as

to include in the limitation prescribed thereby "any proceeding by advertisement or otherwise for the foreclosure of a mortgage upon real estate." The act was passed with an emergency clause, so that it took effect on the day of its approval by the governor, February 27, 1901. This amendment must be construed to be prospective only in operation. The time already elapsed before the passage and approval of the act cannot be taken as any part of the time limited by the amendment for commencing proceedings to foreclose by advertisement. The act does not expressly so declare, and, if it did, it would be unconstitutional as to those whose rights to invoke that remedy had accrued ten years or more before the act took effect. While the legislature has full power to enact limitation laws, and even to frame them in such a way that the time already elapsed before the law takes effect shall be computed as part of the time limited by the new act, yet its power in this respect is subject to the condition that it must allow a reasonable time after the new law becomes operative in which persons affected by it may resort to the remedies to which the law applies. Osburne v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516. The law in question makes no provision in this respect and the courts have no power to supply the omission. Osborne v. Lindstrom, supra.

The judgment is affirmed. All concur.