W. A. SCOTT AND H. O. WHEELER v. THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF BARNES COUNTY ET AL.

Opinion filed April 28, 1906.

**Tax Title Purchaser Cannot Enjoin Mortgage Foreclosure.**

1. A purchaser of land at a tax sale cannot avail himself of the ex parte remedy provided by section 5845, Revised Codes of 1899, to enjoin the foreclosure of a mortgage.

**Same — Defense of Statute of Limitations.**

    2. That an action to foreclose a mortgage is barred by the statute of limitations is one of the defenses which may be shown as a ground for enjoining a foreclosure by advertisement under section 5845 of the Revised Codes of 1899.

**Same — Constitutional Law — Due Process of Law — Impairment of Contract.**

    3. Although the law now appearing as section 5845, Revised Codes of 1899, was first adopted by the legislature of Dakota territory in 1883, after defendants' mortgage containing the power of sale was given, the obligation of the mortgagee's contract was not thereby impaired; nor was the mortgagee thereby deprived of any property right without due process of law.

**Same — Enjoining Mortgage Foreclosure by Action — To Whom Remedy Available.**

    4. The term "mortgagor," as used in section 5845, Revised Codes of 1899, includes within its meaning any person claiming title to the mortgaged premises under and in privity with the original mortgagor.
    YOUNG. J., dissenting in part.

Certiorari by W. A. Scott and H. O. Wheeler to the District Court of the Fifth Judicial District for the county of Barnes and others to review an injunction.

Injunction vacated.

*J. E. Robinson,* for petitioners.

The fact that an action to foreclose a mortgage by action is barred by the statute of limitations, in no way affects foreclosure by advertisement. Hayes v. Frey et al., 11 N. W. 695; Stevens v. Osgood et al., 100 N. W. 161; Gulcher v. Brisben, 20 Minn. 453; Menz v. Hintil, 44 S. C. 385; Cone v. Hyatt, 44 S. E. 678.

The act of the legislature, providing an ex parte injunctional order to restrain the foreclosure of a mortgage, is unconstitutional; it impairs the obligation of contracts and divests the mortgagee of contractual property rights without due process of law. Power v. Larabee, 2 N. D. 141, 49 N. W. 724; Stuart v. Palmer, 74 N. Y. 181; Philadelphia v. Miller, 49 Pa. 444; Harwood v. N. Brookfield, 130 Mass. 561; Cooley on Con. Lim., chapter 11; Den et al. v. Hoboken Land & Imp. Co., 59 U. S. 272, 15 L. Ed. 372; Rees v. Watertown, 86 U. S. 107, 22 L. Ed. 72; Gilman v. Tucker, 13 L. R. A. 304; Hayward v. Judd, 4 Minn. 375, 383, 388.

A tax title purchaser cannot enjoin a foreclosure by advertisement. 8 Enc. Law, 222; Comstock v. Comstock, 24 Mich. 39;

Summers v. Bromley, 28 Mich. 125; Roberts v. Wood et al., 38 Wis. 60, 68; Wilkinson v. Green, 34 Mich. 220; Pelton v. Farmin et al., 18 Wis. 222; Bell v. Pate, 47 Mich. 468, 11 N. W. 275; Banning v. Bradford, 21 Minn. 308, 310, 311.

*Herman Winterer* and *Lee Combs,* for respondents.

Upon the return of a writ of certiorari, the appellate court can only determine whether the inferior court or tribunal exceeded or pursued its authority.   State ex rel. American Exp. Co. v. State Bd. of Assessment and Equalization, 3 S. D. 338, 53 N. W. 192; Sioux Falls Nat. Bank v. McKee, 50 N. W. 1057; Henshaw v. Bd. of Supervisors of Butte County, 19 Cal. 150; Murray v. Bd. of Supervisors of Mariposa County, 23 Cal. 493; People v. Dwinelle, 29 Cal. 633; Finch v. Bd. of Supervisors of Tehama County, 29 Cal. 454; People v. Johnson, 30 Cal. 98; Winter v. Fitzpatrick, 35 Cal. 269; Central Pac. R. Co. v. Bd. of Equalization, 43 Cal. 365; State v. Smith, 101 Mo. 171; State v. Second  Judicial  District Court, 39 Pac. 316.

Tax deed did not give a title superior to the mortgage lien.   Miller v. Anderson et al., 47 N. W. 957; Bibbins v. Clark et al., 57 N. W. 884; O'Neill v. Dringer, 31 N. J. Eq. 507; Gull River Lbr. Co. v. Brock et al., 73 N. W. 430, 7 N. D. 135; Chapter 90, Laws of N. D., 1890.

ENGERUD, J.  This is a writ of certiorari issued by this court to inquire into the validity of an injunction order issued by the district court under section 5845, Revised Codes of 1899, to enjoin a foreclosure by advertisement of a real estate  mortgage. This same injunctional order was sought to be reviewed on appeal, but we held that the order was not an appealable one.   Tracy v. Scott, 101 N. W. 905, 13 N. D. 577.   The mortgage in question was executed and recorded in November, 1882, and was given to secure the payment of a note for $700 and interest, due November 10, 1887.   The mortgage contained the usual power of sale in case of default.   The plaintiffs, Wheeler and Scott, are  the legal representatives of the deceased mortgagee.   As such they commenced to foreclose the mortgage under the power of sale.   One John Tracy is the administrator of the estate of Frank J. Young. deceased.   After the foreclosure proceedings were commenced, said Tracy, as such administrator, obtained from the judge of the district court an ex parte injunctional order, under section 5845,

Revised Codes of 1899, to enjoin the foreclosure by advertisement. on the ground that an action to foreclose the mortgage had become barred by the statute of limitations. Wheeler and Scott then applied to the district court to vacate said injunctional order, on the ground that it was improvidently issued, but their application was denied. Thereupon this proceeding was instituted.

The plaintiffs contend that section 5845 impairs the obligation of the contract evidenced by the mortgage, and deprives the owner of the mortgage of his property without due process of law, and is therefore unconstitutional. Plaintiffs further contend that the statute of limitations is not one of the defenses which are ground for enjoining the exercise of the power of sale under section 5845, and they finally assert that Tracy, as the legal representative of Frank J. Young, deceased, the tax title purchaser, is not entitled to the benefits of section 5845, because he is neither the mortgagor nor in privity with the mortgagor. We think the last point is well taken. Section 5845 provides that the mortgagor, his agent or attorney, may obtain the ex parte injunctional order. The tax title purchaser, under the laws of this state, is not in privity with the mortgagor. He derives his title from the state, which conveys the lands in the exercise of its taxing power. The tax deed, if valid, passes an absolute title in fee simple, and terminates all prior estates and liens held by individuals. A tax title purchaser is not within the spirit of this statute. If his title is valid, it is a complete bar of the mortgage lien. A foreclosure before or after the tax sale or tax deed could not affect the right of the tax title purchaser. The injunctional order in question was therefore erroneously issued, and should be vacated.

Discussion of the other questions presented by the record is not strictly necessary to the decision of this case. The same questions, however, arose in Tracy v. Wheeler, and our views thereon were expressed in the first opinion in that case. The Chief Justice and the writer still adhere to the conclusions then announced, and as the writer's dissent in Tracy v. Wheeler is based upon the assumption that the remedy under the power of sale may be perpetually barred, on the ground that the remedy by action is outlawed, it is proper to state the reasons for that conclusion. Those reasons may be restated more appropriately in this case than in the other. Section 5845, Rev. Codes of 1899, provides a summary proceeding by means of which the mortgagor and those

claiming in privity with him may avail themselves of the limitation statute as a bar against the exercising of the power of sale. That section reads as follows: "When the mortgagee, or his assignee, has commenced proceedings for the foreclosure of a mortgage by advertisement, and it shall be made to appear by the affidavit of the mortgagor, his agent or attorney, to the satisfaction of a judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may by an order to that effect, enjoin the mortgagee or his assignee, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the district court properly having jurisdiction of the subject matter; and for the purpose of carrying out the provisions of this section, service may be had upon the attorney or agent of the mortgagee or assignee." The effect of this law is to subject the mortgagee's right to exercise the power of sale to the right of the mortgagor to forever prevent that method of foreclosure, so as to enable the latter to plead and prove, in an action to foreclose, any defense or counterclaim he may have. The defense which the mortgagor may thus avail himself of clearly includes the defense of the statute of limitations. A defense is any fact or state of facts which will defeat in whole or in part, a cause of action. 2 Words and Phrases, p. 1939. The statute plainly means that a foreclosure under the power of sale shall be forever enjoined by order of the district court, if it appears prima facie from the affidavits submitted that the mortgagor has any defense or counterclaim, which, if pleaded and proved in an action to foreclose the mortgage, would defeat the action or reduce the amount claimed to be due on the mortgage. It is asserted in argument that the "legal counterclaim or other valid defense," which may be shown to enjoin the exercise of the power, means a counterclaim or defense against the exercise of the power. The statement of the argument is sufficient to show its absurdity. There cannot, in the nature of things, be such a thing as a counterclaim or defense against the exercise of the power, which is an ex parte, nonjudicial proceeding. Relief against a foreclosure by advertisement must necessarily be obtained by some action or judicial proceeding, in which the party seeking relief is the moving party, and a defense

or counterclaim can only be conceived of as something asserted by a defendant to defeat an action or similar judicial proceeding instituted against him by the other party.

It is contended, however, that section 5845 contemplates the granting of an injunction only on a showing of a state of facts which would have been good ground for affirmative relief in a suit in equity to enjoin the foreclosure. If the legislature had so intended, it would have been an easy matter to express that intention in clear language. The language used negatives any such intention. It declares that the injunction shall be granted on a prima facie showing of "a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage." As already stated, this language can only mean that any facts which prima facie would defeat an action or similar judicial proceeding for the collection of the debt by foreclosure shall be available to prevent the exercise of the power; and the defense of the statute of limitations is as effective for that purpose as any other defense. We know of no reason for arbitrarily excluding from the provisions of the law the defense of the statute of limitations. That defense is one which defeats the collection of the debt. The statute does not say that the injunction shall be granted only when it is made to appear prima facie that the mortgagor has a good ground for a suit in equity to enjoin the foreclosure under the power. That statute declares that prima facie proof of "a legal counterclaim or any other valid defense" shall be ground for injunction. The use of the word "counterclaim" emphasizes the meaning that the act has reference to something which may defeat recovery on a cause of action; and the more comprehensive words, "or any other valid defense," under a familiar rule of construction must be construed in pari materia with what precedes—i. e., any defense, whatever its character, which will have the same effect as a counterclaim to defeat in whole or in part the cause of action or judicial proceeding. It is needless to say that the right to foreclose by advertisement is not a cause of action. Nor is that ex parte proceeding an action or judicial proceeding. It is perfectly clear, therefore, that the counterclaim or defense spoken of in the law cannot be so justly narrowed in meaning as to be held to refer to an equitable ground for enjoining an ex parte and nonjudicial proceeding. It would be an inconsistency on the part of the legislature to permit

the merits of the mortgagee's lien to be litigated, simply because it contained a power of sale, after an action to foreclose is barred. The statutory bar was created because it was unsafe to permit litigation of the merits after ten years from the time the cause of action accrued. This reason is just as applicable to a mortgage containing a power of sale as to one without it. The fact that the statute plainly shows the intent of the legislature that all disputed questions should be litigated in an action to foreclose also shows that it was the intent that the power should not be exercised (if the mortgagor objected) after the time limited for such litgation had expired. To hold otherwise would convict the legislature of an inconsistency, and the language of the act does not require or justify such a construction. The Supreme Court of South Dakota, in Stevens v. Osgood (S. D.) 100 N. W. 161, held that the statute of limitations was not a defense available under this law; but for the reasons stated we cannot approve that construction. Moreover, the decision in that case leads to astonishing results, which wholly frustrate the salutary objects intended by limitation laws. The effect of that decision is to deprive the mortgagor altogether of the defense of the statute of limitations against an action to foreclose a mortgage containing a power of sale. It is apparent that the same argument advanced in that case to defeat the plea of the statute is equally cogent in any foreclosure action where the mortgage contained a power of sale. If it is true that the court can ignore the statutory defense because the power of sale was improperly enjoined, on the theory that the mortgagor is given by the judgment only what he was entitled to get by exercising the power, it is necessarily also true that the statutory defense may be ignored on the same theory, even if the power had not been enjoined. In either case the plaintiff is getting only what the exercise of the power would give him.

Then, again, suppose the mortgagor obtains an injunction on a showing of some defense or counterclaim affecting the validity of the mortgage or the amount due thereon; and at the time the injunction is obtained an action to foreclose is barred. In such a case, it seems the South Dakota court would ignore the plea of the statute and would proceed to determine the truth or falisity of the counterclaim or defense, and, if either was not sustained, would decree a foreclosure. Either that must be done, or the ex parte affidavit and injunction must be accepted as incontestable evidence

that the mortgage is invalid, because there is no method by which to test the truth of the ex parte showing. If the law is capable of the latter construction, then it is clearly unconstitutional, because it puts it in the power of the mortgagor to absolutely destroy all remedies on the mortgage by an ex parte showing, without any opportunity of showing the falsity of his claim. It must be remembered that the truth of the injunctional affidavit cannot be attacked by counter affidavits, because that would involve a trial of the merits of the case on the motion. McCann v. Mort. Bk. & Investment Co., 3 N. D. 172, 54 N. W. 1026. The object of limitation laws is to prevent agitation of stale demands when, by reason of lapse of time, evidence by which to establish the cause of action or defense may be lost or difficult to procure. The reason for such laws is just as applicable to a mortgage containing a power of sale as to any other. If the validity of the mortgage or of the alleged defense is to be open to litigation notwithstanding the lapse of time, in order to give effect to the fancied perpetuity of a power, there is little use in limitation laws on mortgage foreclosures by action in this state, because there are very few mortgages which do not contain a power of sale. The effect of the South Dakota decision is to amend the limitation laws by judicial fiat. The legislature has declared that an action on the mortgage shall be barred in ten years. The South Dakota court assumes the power to amend that law, so as to make it read that an action on the mortgage is barred in ten years provided it contains no power of sale. If the proper construction of the law were debatable, then clearly that construction ought to be adopted which will avoid the difficulties resulting from the South Dakota case, and which will promote and effectuate the general policy of our limitation laws, rather than a construction which will lead to absurd results and frustrate the general policy of our legislation. This reason alone, it seems to us, is sufficient to turn the scale in favor of the construction we all agreed upon in the first opinion, if the proper construction is a debatable question. The term "mortgagor" includes any person who has an interest in the mortgaged premises, subject to the mortgage, claiming under the mortgagor in privity with him. The statute is a remedial one, and as such should receive a liberal construction, "with a view to effect its objects and to promote justice," even if that rule of construction were not made obligatory upon the court by section 5147, Rev. Codes 1899. Jones v. Loan

& Trust Co., 7 S. D. 122, 63 N. W. 553. We think the intent of the law was to enable the mortgagor and those claiming under him to prevent any foreclosure under the power of sale whenever an action to foreclose could not be successfully maintained for any reason. We think the law was also intended to give the mortgagor the right to demand that any defense or counterclaim he might have should be litigated in an action to foreclose, and not in a suit in equity instituted by him to enjoin a foreclosure under the power.

It is finally urged that section 5845 is unconstitutional because it impairs the obligation of contracts and deprives the owner of the mortgage of his property without due process. With respect to mortgages created after the enactment of the law, it is too clear for argument that neither of these constitutionad provisions were violated. In those cases the stipulation for the power of sale was made subject to the conditions imposed by the existing law. The mortgage in question, however, was given before the law was enacted. The provisions now embodied in section 5845, Revised Codes, became a part of our law in 1883, by chapter 61, p. 144, of the Laws of Dakota Territory for that year. When this mortgage was given in 1882, the conditions under which and the manner in which a foreclosure under the power of sale must be exercised were prescribed by statute, and were substantially the same as at present, with the exception of the provision now appearing in section 5845, Revised Codes. Moreover, the statute, then, as now, provided that a power of sale in a mortgage of real property "can be exercised only in the manner prescribed by the Code of Civil Procedure." Comp. Laws, section 4353. The legislature thereby expressly reserved the power to control and regulate the exercise of that remedy. The stipulation in the mortgage for this method of foreclosure was that the remedy should be exercised "agreeably to the statute in such case made and provided." The statute therein referred to means the law which might be in force when the mortgagee resorted to the remedy. James v. Stull, 9 Barb. (N. Y.) 482; Webb v. Lewis, 45 Minn. 285, 47 N. W. 803. So construed, it is plain that the stipulation for the remedy contemplated that it should be subject to future legislation as to the manner of exercising it.

But, even if the stipulation were construed to refer to the then existing laws, the remedy was not thereby placed beyond the

constitutional power of the legislature to regulate it. The power of sale was a mere remedy, subject to the control of the legislature. The fact that the contract stipulated for this cumulative remedy did not make it any more sacred than any other remedy. It was merely one of the means by which the obligation evidenced by the mortgage contract could be enforced. It was not the contract obligation which the constitution forbids the impairment of. James v. Stull, 9 Barb. (N. Y.) 482; Webb v. Lewis, 45 Minn. 285, 47 N. W. 803; Conkey v. Hart, 14 N. Y. 22; Worsham v. Stevens (Tex. Sup.) 17 S. W. 404; Bird v. Keller, 77 Me. 270. The legislative power over remedies is not unlimited. A statute which, although professing to effect the remedy only, should in fact materially impair the means of enforcing the contract, would infringe the constitutional prohibition against the impairment of contract obligatons. Antoni v. Greenhow, 107 U. S. 769, 2 Sup. Ct. 91, 27 L. Ed. 468. The law in question, however, does not materially change the previously existing remedies to the detriment of the mortgagee. In the absence of such a law, the mortgagor, if he wished to contest the right of the mortgagee to exercise the power of sale, could seek relief in a suit in equity to enjoin the sale, and obtain an injunction pendente lite. In such a suit, although the position of the parties would be reversed, the issues would be substantially the same as in a suit to foreclose. The issues would be tried in the same way, and the same, or substantially the same, relief could, and generally would, be decreed as in a foreclosure suit. The law in question, so far as it affects the remedy, merely provides in effect that, in case of contest concerning the right to exercise the power of sale, that contest shall be heard and its merits determined in a suit to foreclose, instead of requiring the same questions to be litigated in a suit for an injunction. To the extent that the law in question indirectly renders the statute of limitations available as a bar to the exercise of the power, it grants the mortgagor a right which did not exist before; but it is too plain to require discussion that the obligation of the contract was not hereby impaired. The statute, in effect, required the creditor to exercise his power of sale within the period allowed for an action to foreclose, and his neglect to do so subjected him to the possible forfeiture of the right, if the debtor saw fit to avail himself of the statutory remedy.

The objection that the law violated the due process clause hardly

merits discussion. When the law was passed the mortgage was not due. The mortgagee had all the time from 1883 to 1897 to foreclose his mortgage by action or by advertisement. The legislature of 1883 had undoubted power to pass a law which would nave unconditionally barred the right to foreclose under the power, if the right was not exercised within a given time in the future after the right accrued. Upon what ground, then, can it be urged that it was beyond the legislative power to declare that the right should be denied, if not exercised within the time allowed for foreclosure by action, provided the mortgagor chose to take advantage of the law? This decision does not conflict with Clark v. Beck (N. D.) 103 N. W. 755. In that case the plaintiff asserted that the foreclosure by advertisement upon which defendant's title rested was void because the foreclosure took place more than ten years after the right to foreclose accrued, and after chapter 120, p. 152, Laws of 1901, took effect. It was claimed that chapter 120, p. 152, Laws of 1901, amending the statute of limitations, was retroactive, and therefore the sale in that case was a nullity, because it was made after the time within which the amended statute permitted the power of sale to be exercised. The argument was that the amended statute, by limiting the time for foreclosure under the power, unconditionally destroyed the right to exercise the power after the time limited, and that it v. as not necessary for the mortgagor to invoke the statute in bar of the remedy before the sale. We simply held that the amendment should not be given a retroactive construction for the reasons therein stated. In that case the mortgagor had not availed himself of the provisions of section 5845, and that section was not involved in the case. When we said that prior to 1901 there was no statute limiting the time for foreclosure by advertisement, we had reference to such laws as that of 1901, which it was claimed directly and expressly limited the life of the power. There is a wide distinction between a law which expressly limits the life of the power to foreclose by advertisement, and which is therefore self-executing and destroys the power by mere lapse of time, and a law like section 5845, which merely provides a method by which the party may place himself in a position to avail himself of a limitation law to bar the foreclosure. The difference between the nature and effect of the two kinds of laws destroys all force there might otherwise be in an argument that the enactment of chapter 120, p. 152, Laws of 1901, indicated the

legislative supposition that there was no law by which the right to exercise the power of sale could be barred. There was no law which would directly by its own force have that effect. In the absence of a law like the amendment of 1901, a foreclosure by advertisement could be lawfully made after an action was barred, providing the mortgagor did not discover the proceeding in time to get an injunction before sale. This defect in legislation was a good and adequate reason for the attempt made in 1901 to remedy it.

The injunctional order is vacated, and plaintiffs will recover their taxable costs and disbursements from defendant Tracy. All concur.

YOUNG, J. (dissenting in part.) The question presented to this court for decision in this case is whether the ex parte order of the district court, which enjoined the plaintiffs from foreclosing the mortgage in question by advertisement under the power of sale contained therein, should be affirmed or reversed. I agree with my associates that it must be reversed, and for the reason stated, namely, upon the ground that the restraining order was issued upon the application of a person who had no right under the statute (section 5845) to make the application. I do not agree with the further views expressed in the opinion, wherein it is held indirectly, but in effect, that section 5200, which limits foreclose actions to ten years, is also applicable to foreclosures by advertisement. Section 5200 has no application to foreclosures by advertisement. This section fixes a limitation for actions only. It was so held by this court in the recent case of Clark v. Beck, 14 N. D. 287 103 N. W. 755. In 1901 the legislature amended this section so as to cover foreclosure by advertisement; but we held, in the case just referred to, that the amending act (chapter 120, p. 152, Laws 1901) operates prospectively, and does not apply to mortgages previously executed, and that section 5200, "limiting to ten years the time for commencing an action to foreclose a real estate mortgage, has no application to a proceeding to foreclose by advertisement." This is necessarily true, for a foreclosure by advertisement is not a proceeding in court. It is not an action. Statutes limiting the time for foreclosing by action have therefore no application to a foreclosure under the power of sale. The cases are uniform in so holding. Golcher v. Brisbin, 20 Minn. 453 (Gil. 407) ; Hayes v. Frey, 54 Wis. 503, 11 N. W. 695; Dimmit County v. Oppenheimer (Tex. Civ. App.) 42 S. W. 1029; Menzel v. Hinton, 44 S. E. 385;

132 N. C. 660, 95 Am. St. Rep. 647; Cone v. Hyatt, 132 N. C. 810, 44 S. E. 678; Stevens v. Osgood (S. D.) 100 N. W. 161; Bank v. Guttschlick, 14 Pet. 18, 10 L. Ed. 335; Goldfrank v. Young, 64 Tex. 432, and cases cited; Miller v. Coxe, 133 N. C. 578, 45 S. E. 940.

I do not understand that the majority opinion expressly overrules the recent views of this court in Clark v. Beck, and above quoted, or that it is now intended to flatly hold that section 5200 places a limitation upon the right to foreclose by advertisement. Still the opinion is expressed that this present remedy for the collecting of plaintiffs' claim, which it is sought to enjoin (and it is a valuable one and rests upon contract), is barred, and that, if the application for the restraining order had in this case been made by the proper person, it would have been the duty of the court to restrain the exercise of the power. In short, as I view it, the majority conclude that the remedy under the power is barred, and this without a statute barring the remedy which is enjoined by the order. The reasoning by which this conclusion is reached does not appeal to me as sound. I cannot understand how a remedy can be barred in the absence of a statute barring it, and yet that result is reached in the majority opinion. As already stated, section 5200 does not relate to foreclosures by advertisement, but to foreclosures by action only, and there is no other statute of limitation which can be said to apply. It will appear, upon a casual inspection of section 5845 under which the restraining order was obtained that it is not a statute of limitations. This section merely provides a substituted method for obtaining the relief against the exercise of a power of sale by a summary and ex parte proceeding which was formerly obtained by an action in equity. It authorizes the issuing of the restraining order when it appears "to the satisfaction of a judge of the district court * * * that the mortgagor has a legal counterclaim or other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage." This section makes no reference to a statute of limitations or to any other defense by name, and there is nothing in it which would sustain a claim that it creates any new defenses. It simply provides a summary method for restraining the remedy by advertisement upon a showing "that the mortgagor has a legal counterclaim or other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage. The defenses which will defeat the exercise of the power of sale must be

found outside of this section. Payment in full of the debt secured by the mortgage will wholly defeat its exercise. Payment in part will defeat it pro tanto. Other defenses might be named which would have the same effect. Such defenses go to the cause of action itself, and would defeat all remedies without regard to periods of limitation. A statute limiting the period for foreclosing by advertisement, if we had such a statute, would also be a defense against the collection of the claim by that remedy, and would be a sufficient ground for a restraining order under this section. For a statute of limitations is a defense, but, unlike the defense of payment and similar defenses, it does not go to the cause of the action, but solely to the remedy for enforcing it. It will be observed that a defense which goes to the cause of action defeats all remedies, but a statute of limitations, which is a defense to a particular remedy only, is a defense only to that remedy, and is not a defense against the collection of the claim by another and a different remedy. It will not do, therefore, to say that, because the remedy for the collection of the claim by a foreclosure action is barred by section 5200, the remedy for the collection of the claim under the power of sale is also barred; and I do not understand that my associates intend to take this position. This must be so, for the remedies are independent, and they have not the same limitation. One is limited, and the other is not.

The matter of limitations upon remedies belongs to the legislature. It may fix different periods for different remedies, or it may limit some and leave others without a limitation in its discretion. The court's duty is only to give effect to such limitations as have been fixed when they are properly invoked. For instance, the plaintiffs' claim is secured by the mortgage in question and is evidenced by a promissory note for $700. For the collection of this claim the plaintiffs have three distinct and independent remedies: (1) An action on the note, which is limited to six years from its maturity. Section 5201. (2) An action to foreclose the mortgage, limited to ten years. Section 5200. (3) The remedy under the power of sale, upon which the legislature has placed no limitation. My associates conclude that when an affidavit shows that an action to foreclose is barred, it states a defense against the collection of the claim within the meaning of section 5845, and that the remedy under the power of sale should therefore be enjoined. The argument in substance is this: Section 5845 author-

izes the issuance of an order restraining a foreclosure by adver-
tisement upon a showing that the mortgagor has, a valid defense to
the collection of the claim secured by the mortgage.   The statute
limiting the collection of the claims secured by a mortgage by an
action of foreclosure (section 5200) will, when pleaded, defeat the
action, and is thus a defense to the collection of the claim.   The
argument is plausible, but is, I think, fallacious.   The error lies in
the assumption that a defense to the collection of a claim by one
remedy is necessarily and always a defense to its collection by all
remedies, and that, when a defense is shown, it is a defense in all
cases.   This is true as to defenses which go to the cause of action
itself, like the defense of payment.   Such a defense will, of course,
defeat all remedies, and would, in this case, defeat all three of
plaintiffs' remedies.   And because this is true as to defenses which
go to the cause of action, my associates apparently conclude that it
is true as to all defenses, including the statute of limitations.   It
is, however, palpably fallacious as applied to defenses which go
to the remedy merely, as does a statute of limitations.   In the lat-
ter case, the fact that one remedy for the collection of a claim is
barred does not bar any other remedy which the claimant may
have.   To illustrate by the present case: An action on the note is
barred six years from its maturity.   The   foreclosure   action   is
barred in ten years, and there is no statute limiting the remedy under
the power of sale.   Now, let me ask, would the fact that the note
is more than six years past due be a defense to an action to fore-
close the mortgage?   It will be admitted that it would not.   And
why?   Is it not a defense to the collection of the claim?   This
will also be admitted.   It will be properly answered that it is a
defense to the collection of the claim by another remedy, an action
on the note, but that it is not a defense to the collection of the claim
by a foreclosure action, which is the remedy sought to be de-
feated, and is therefore not a defense to it.   Again, I may ask,
would an affidavit showing that an action on the note is barred state
a sufficient ground for enjoining a foreclosure under the power of
sale?   Again it will be answered that it would not.   And why?   It
is a defense against the collection of the claim by an action on
the note, just as the ten-year statute is a defense against the fore-
closure action.   The reason for the answer is the same as in the
preceding illustration.   The limitation relied upon applies to an
action on the note and not to a foreclosure under the power, which

is the remedy being pursued for the collection of the claim. This being true, how can it be said that an affidavit merely showing that a foreclosure action is barred states a defense against the collection of the claim by a foreclosure under the power of sale, which is the remedy which the defendants seek to defeat, and which my associates hold should have been enjoined upon this showing, if the proper application has been made.

I have been unable to find any satisfactory reason to sustain the conclusion expressed in the majority opinion. It directly defeats the collection of plaintiffs' claim by means of their remedy under the power of sale, and there is no statute limiting it, solely upon the ground that the affidavit shows that the defendants have a defense against the collection of the claim by a foreclosure action, which is another and different remedy. The remedies are independent. One is limited and the other is not. The statute which will defeat one will not, or, at least, should not, defeat the other. Creditors are entitled to the aid of whatever remedies they may have by law or contract to collect their claims, and should not be deprived of them unless they are barred by statute. There is no statute barring the exercise of the power of sale in the mortgage involved in this case, and they should be permitted to have the benefit of this remedy. Section 5845 was adopted by the territorial legislature in 1883 and has continued in force in this state and in South Dakota. The Supreme Court of South Dakota had this section under consideration in Stevens v. Osgood (S. D.) 100 N. W. 161, and their conclusion was that the bar to one remedy does not bar the other, and that the right to foreclose under the power is not defeated by the fact that the statute has run against an action to foreclose. That court said: "As the statute of limitions applies merely to the remedy by action, and does not discharge the debt or raise a presumption of payment, the lien of a mortgage on real property, containing a power of sale, is not destroyed, nor the right to foreclose lost by the mere lapse of sufficient time to prevent a foreclosure in court." The majority opinion criticizes the conclusion of the South Dakota court because it accords to mortgagees an unlimited right to foreclose under the power of sale, rather than the grounds upon which that conclusion is based. Manifestly the criticism is misdirected. As previously stated, the matter of limiting remedies belongs to the legislature. It may limit some and leave others unlimited. The wisdom of its

acts may be doubted, but the courts cannot disregard them, and they have no authority to create a limitation where the legislature has declined to do so. In my opinion the South Dakota court very properly declined to defeat the remedy under the power of sale by applying a statute of limitations which was not applicable. The conclusion of my associates rests largely upon section 5845. If this section has the potency ascribed to it by them—i. e., to directly operate as a bar, and thus accomplish the same result as a statute of limitation—the legislature did an idle act in 1901 in amending section 2100; for, in the majority view we have had in effect in this jurisdiction a ten-year statute of limitations applicable to foreclosures by advertisement for almost a quarter of a century. This evidently was not the view of the legislature of 1901. It was not the view of the Supreme Court of South Dakota, and I do not think it should be declared by this court to be the law of this state. Although the question is not directly involed in this case, it has been considered in the above opinion, and I cannot, in justice to myself, permit the views expressed to go down without indicating to some extent my disapproval.

(107 N. W. 61.)