## JAMES v. CHAPMAN, ET AL.

(No. 1955; June 9, 1936; 58 Pac. (2d) 439)

For the appellants and defendants, there was a brief by *J. R. Sullivan* and *G. R. McConnell* of Laramie and oral argument by *Messrs. Sullivan* and *McConnell*.

For the plaintiff and respondent, there was a brief and also oral argument by *Tom H. Barratt* of Laramie.

214

*Ray E. Lee,* Attorney General,

BURGESS, District Judge.

In 1928 Anna D. James gave Clyde Chapman and Mary E. Chapman a real estate mortgage containing a power of sale authorizing the mortgagees, in the event of default, to foreclose the same and to sell the property "according to the statute in such case made and provided now or hereinafter in force and in the manner therein prescribed." The statute then in force required publication of notice of sale for six weeks upon foreclosure by virtue of such a power. Section 4629, Wyo. C. S. 1920.

On September 1, 1931, an act known as Chapter 73 of the Session Laws of 1931 went into effect. Section 64 of the act reads as follows: "That section 4629 Wyoming Compiled Statutes 1920 be revised and reenacted to read as follows: Notice that said mortgage will be foreclosed by a sale of the mortgaged premises * * * shall be given by publishing the same for four consecutive weeks." R. S. 1931, § 71-207.

Default having occurred the mortgage was foreclosed under the power of sale and the property sold in 1934, the notice of sale being published four weeks pursuant to section 64, supra, of the act of 1931. The legality of the sale being challenged the District Court

of Albany County set it aside on the ground that section 4629, C. S. 1920, in force when the mortgage was given and requiring six weeks notice, governed the foreclosure instead of section 64, of Chapter 73 of the Session Laws of 1931. To determine which statute applies is the matter now before us.

In the case of a real estate mortgage with a power of sale to the mortgagee to foreclose and sell pursuant to law upon default may the legislature amend the law so as to permit the mortgagee to give a shorter notice of sale than was required by the law in force at the date of the mortgage?

By statutory provision in this state, whether a mortgage shall contain a power of sale is a matter of contract between the parties, and they may "provide therein as they may see fit as to the manner of foreclosure and sale." R. S. 1931, § 71-216. When parties use, as they usually do, and as was used in this case, the very general terms that foreclosure and sale is to be had pursuant to statute or according to law, what statute or law is meant, the one when the mortgage was given or the one when foreclosure and sale is had?

"When parties do not expressly fix the terms on which such powers may be exercised, but agree that the act to be done in the future may be done according to the law governing that subject, they consent to be governed by the law in force when, under the terms of the contract, it may become necessary to exercise the power. They contract with knowledge that the legislature may change the remedy and ought not to be presumed to have intended in cases of such change that the contract should become inoperative." International Bldg. & Loan Assn. v. Hardy, 86 Tex. 610, 26 S. W. 497, 24 L. R. A. 284.

A statute in New York authorized sales of mortgaged property under a power conferred by the mortgage upon notice being given for twenty-four weeks

and while that law was in force a mortgage was executed which authorized a sale under a power "according to law," but before the sale the law was so changed as to authorize such sales to be made on notice given only for twelve weeks. A sale made under the last law was held to be valid on the ground that the words "according to law" meant in compliance with the law in force when the sale became necessary. James v. Stull, 9 Barb. 482.

In Scott v. District Court, 15 N. D. 259, 107 N. W. 61, the mortgage contained a power of sale to be exercised "agreeably to the statute in such case made and provided." The court said: "The statute therein referred to means the law which might be in force when the mortgagee resorted to his remedy. So construed it is plain that the stipulation for the remedy contemplated that it should be subject to future legislation as to the manner of exercising it."

In Webb v. Lewis, 45 Minn. 285, 47 N. W. 803, the power of sale was to be exercised "agreeably to the statute in such case made and provided." The court, citing James v. Stull, supra, said: "If it was necessary in order to sustain the power it would be proper to assume that the parties referred to the unrepealed sections of title 1, although we think it more reasonable to construe it as referring to the statute in force at the time the power should be exercised." Again the court says: "But it is unquestionably true that while the power itself rests upon the convention of the parties, yet the manner of its exercise, being analogous to the remedy in judicial proceedings, is, even as to existing mortgages, subject to legislative change and modification in any way not inconsistent with the express terms of the contract of the parties, and which leaves to the mortgagee an available and effective mode of executing the power."

The court in Orvik v. Casselman, 15 N. D. 34, 105

N. W. 1105, said: "Another fallacy in appellant's argument lies in the assumption that the stipulation granting a power of sale in case of default is an agreement that the remedy shall be exercised agreeably to the statute in force when the mortgage was given. The manner of exercising such a power has always been the subject of legislative regulation in this jurisdiction and when parties stipulate for that remedy, it must be presumed that they contemplate that the remedy shall, like any other remedy, be exercised agreeably to the statute in force when the remedy is invoked." See further: State ex rel. v. Circuit Court, 61 S. D. 356, 249 N. W. 631; Beaumont Petroleum Syndicate v. Broussard, (Tex. Civ. App.) 64 S. W. (2d) 993; Hanson v. Federal Land Bank, (S. D.) 262 N. W. 228.

Nor can there be any question but that the legislature may change the remedy for the enforcement of a mortgage where the parties themselves have not provided for a particular remedy. "The character and legal effect of a mortgage and the rights, duties and liabilities of the parties under it, are fixed by the law in force at the time of its execution and can not be affected by statute subsequently passed, *except in so far as they relate merely to the remedy or to matters of procedure.*" 41 C. J. 449. See also 12 C. J. 1067 and cases cited to the effect that the legislature may regulate or change remedies for the enforcement of existing contracts. A limitation, of course, is that the substituted remedy must afford a fair method of enforcing the contract, and not impair its obligation. Nor are statutes making such changes objectionable on the ground that they are retroactive in effect. 59 C. J. 1173.

The very language of the mortgage before us in this case clearly and beyond question shows that the parties contemplated the possibility of a change in the statute

prescribing the method of foreclosure and sale and their agreement is to the effect that the statute in force at the time of foreclosure and sale shall govern. This language is that the mortgagees may foreclose and sell "according to the statute in such case made and provided, now or *hereafter* in force and in the manner therein prescribed."

Our conclusion upon this branch of the case is, therefore, that when a power of sale in a real estate mortgage authorizes a mortgagee to foreclose and sell "pursuant to statute" or "according to law," the law or statute to be followed is the one in force when the foreclosure and sale is had and not the one in force when the mortgage was given, unless the parties have prescribed a different method, as they may do under section 71-216, R. S. 1931, or unless the legislature in amending the statute manifests an intent to the contrary.

The mortgagor insists that by section 180 of chapter 73, supra, (R. S. 1931, § 112-206) the legislature has manifested a clear intent that section 64 is not to apply to preexisting mortgages and that the only "statute in force" applicable to the mortgage before us is the old one requiring six publications. Section 180 provides: "The laws and parts of laws herein revised and repealed shall not affect any act done or any right accruing or accrued, * * * before the said revision or repeal, but all rights and liabilities under said laws shall continue and be enforced in the same manner as if said revisions and repeals had not been made."

Chapter 73, Session Laws of 1931, of which sections 64 and 180 are a part, contains 184 sections and ranges over a large part of the whole field of our statutory law. Its title is "An act for the codification and general revision of the laws of the state of Wyoming revising sundry provisions of existing laws and repealing others." It deals with both rights and remedies.

Now the purpose of section 180 was, of course, to preserve to the individual rights he might have under the laws revised or repealed. As long as section 4629, C. S. 1920, remained in force the mortgagor, of course, had the right to insist upon its observance, but he did not have the right to insist upon its remaining unchanged. It was a part of the remedy for the enforcement of the mortgage, and as said by Judge Cooley, "the right to a particular remedy is not a vested right." Const. Lim. (8th ed.) p. 754.

Did the shortening of the notice of sale two weeks deprive the mortgagor of any substantial right? The purpose of the publication of notice of sale is to inform the mortgagor and to notify and attract bidders. It does not follow that more bidders will be attracted and a higher price realized by six publications than by four. Nor can it be said that six publications are more advantageous to the parties than four. In the opinion of the legislature four is preferable to six, otherwise the change would not have been made. The modern trend in this country has been to reduce the number of publications of legal notices of sales of property due, no doubt, to the great increase in late years in the dissemination of news and the rapid advance in the means of communication and transportation.

Nor does the shortening of the notice of sale shorten the period of redemption, for that commences from the date of sale. It may, however, by advancing the date of sale by two weeks, shorten the period which the mortgagor may remain in the possession of his property, but that is merely incidental to the change of remedy.

It has been said that "a repealing statute which preserves rights, contemplates definite and substantial ones which are, or are in the nature of, vested property rights, and not mere inchoate personal privileges to which, in a legal sense, one has no indefeasible vested

claim." Matter of Wentworth, 230 N. Y. 176, 187, 129 N. E. 646, 649. And see Miller v. Hagemann, 114 Ia. 195, 86 N. W. 281; Bigelow v. Pritchard, 21 Pick. 169.

Stress is also laid upon the language of section 180 that all rights and liabilities under the revised laws shall continue and be enforced in the same manner as if said revisions had not been made. The manner of giving notice of sale remains the same under the new as under the old law, the only change being in the number of publications. But it is said "in the same manner" includes the element of time, i. e., the same number of publications. "Whether the word 'manner' or the phrase 'in the same manner,' includes the element of time, has been answered by the courts both in the affirmative and in the negative. * * * We think that the question is, in every case, one of intent, and that the true rule may be formulated substantially as follows: Whether the word 'manner' shall be construed as including, not only the way or mode of doing a thing, but also the time of doing it, depends upon the intention of the lawmakers, to be gathered from the context; that is, the 'manner' of doing a thing and the 'time' of doing it are distinct things, and ordinarily the word 'manner' will not be construed as including the element of 'time,' unless it shall appear from the context that the lawmakers intended that it should." Moore v. City Council, 58 Calif. App. 555, 209 Pac. 64. We find nothing in chapter 73 of the act of 1931 to indicate that the legislature intended that the phrase "in the same manner" was to include the same number of publications.

We are of the opinion that section 64 of the act of 1931 applied to the foreclosure proceedings in question in this case, and that, therefore, the judgment of the lower court should be reversed.

KIMBALL, Ch. J., and BLUME, J., concur.