Application of Rebecca PALMER, as Administratrix of the Estate of Archibald Drummond, Deceased, for an Order Directing Foreclosure of Mortgage by Action.

William DRUMMOND, Appellant,

v.

ADMINISTRATRIX OF ESTATE OF Archibald DRUMMOND, Deceased, Respondent.

No. 7768.

Supreme Court of North Dakota.

Feb. 19, 1959.

William R. Mills, Bismarck, for appellant.

Duffy & Haugland, Devils Lake, for respondent.

SATHRE, Chief Justice.

On September 1, 1915 Archibald Drummond as mortgagor made and executed a mortgage to William Drummond on the E½ of NE¼, Lots 1 and 2, of Section 36, Township 151, Range 67 in Benson County, North Dakota. The mortgage was given to secure payment of the sum of $4,500 as evidenced by a promissory note given by the said Archibald Drummond to William Drummond, mortgagee. No payments were ever made on the principal and no interest was paid upon the amount due after December 1, 1926. On November 14, 1957, the mortgagee brought action to foreclose said mortgage. The administratrix of the estate of Archibald Drummond answered alleging as a defense that foreclosure of the mortgage was barred by the statute of limitation.

Thereafter William Drummond dismissed his action and the administratrix

made application to the district court under the provisions of Section 35–0313, NDRC 1943 as amended, for an order of discharge of said mortgage of record and on January 7, 1958 the district court of Benson County, made its order discharging said mortgage of record and a certified copy thereof was recorded in the office of the register of deeds of said County on January 13, 1958.

Thereafter the mortgagee, William Drummond, commenced foreclosure proceedings by advertisement, and published notice of sale of the premises covered by the mortgage.

The administratrix thereupon made application to the district court of Benson County under Section 35–2302, NDRC 1943 as amended for an order requiring the said William Drummond, mortgagee, to bring all further proceedings for the foreclosure of said mortgage in the district court of Benson County, and enjoining and restraining the said William Drummond from conducting any further proceedings for foreclosure of said mortgage by advertisment.

On March 14, 1958 the district court of Benson County, made and entered an order restraining and enjoining the mortgagee, William Drummond, from further proceding by advertisement in the matter of foreclosure of said mortgage and directing that any further proceedings for foreclosure of said mortgage be had in the district court of Benson County and the case is here on appeal from said order.

It is the contention of the appellant that the mortgage which contains the usual power of sale is a contract between the mortgagor and the mortgagee, and that the statute of limitations has no application to the foreclosure of a mortgage which contains a power of sale. It is further contended that if the statute of limitations is held to apply to the foreclosure of a mortgage containing a power of sale it would impair vested contract rights and result in taking property without due process of law.

An identical question was before this court in the case of Scott v. District Court, 15 N.D. 259, 107 N.W. 61, 62. In that case the court said:

"The plaintiffs contend that section 5845 [R.C.1899] (which is practically identical in language with Sec. 35–2302 NDRC 1943) impairs the obligation of the contract evidenced by the mortgage, and deprives the owner of the mortgage of his property without due process of law, and is therefore unconstitutional. Plaintiffs further contend that the statute of limitations is not one of the defenses which are grounds for enjoining the exercise of the power of sale under section 5845 [R.C. 1899] * * *

" * * * Section 5845 Revised Code of 1899 provides a summary proceeding by means of which the mortgagor and those claiming in privity with him may avail themselves of the limitation statute as a bar against the exercising of the power of sale. That section reads as follows: 'When the mortgagee, or his assignee, has commenced proceedings for the foreclosure of a mortgage by advertisement and it shall be made to appear by the affidavit of the mortgagor, his agent, or attorney, to the satisfaction of a judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim or any valid defense against the collection of the whole or any part of the amount claimed to be due on said mortgage, such judge may by an order to that effect, enjoin the mortgagee or his assignee, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the district court properly having jurisdiction of the subject matter; and for the purpose of carrying out any provisions of this section, service may be had upon the attorney or agent of the mortgagee or assignee.' "

The portion quoted from Section 5845 R.C.1899 is identical with the language contained in Section 35–2302 NDRC 1943 as amended.

The opinion then continues:

"The effect of this law is to subject the mortgagee's right of exercise the power of sale to the right of the mortgagor to forever prevent that method of foreclosure, so as to enable the latter to plead and prove in an action to foreclose, any defense or counterclaim he may have. The defense which the mortgagor may thus avail himself of clearly includes the defense of the statutes of limitation."

The decision in Scott v. District Court, supra is controlling in the instant case, and it is clear that the statute of limitations is a defense that may be pleaded in an action for foreclosure of a mortgage, notwithstanding the power of sale contained therein.

The order of the district court is affirmed.

MORRIS, J., concurs.

BURKE, Judge (concurring specially).

I concur in the result reached by Chief Justice SATHRE in his opinion in this case and in the principles of law set forth in the syllabus. The case of Scott and Wheeler v. District Court, 15 N.D. 259, 107 N.W. 61, relied on as determinative of the issues in this case, construes Section 5200 R.C.1899, a statute which has no application here. That decision is contrary to the decision of this court in Clark v. Beck and Ahman, 14 N.D. 287, 103 N.W. 755, and were it not for the fact that Section 5200 R.C.1899 was amended by Chapter 120 Laws of North Dakota 1901 (now Sec. 28–0115 NDRC 1943), I would have some doubt as to the correctness of the decision in this case. This amendment, however, specifically provided that the ten year statute of limitations should apply to "any proceeding by advertisement or otherwise for the foreclosure of a mortgage upon real estate." Since the time of this enactment, there has been no doubt but that, as to subsequently executed mortgages, the statute of limitations has been a defense to foreclosures by advertisement. It has been made so by statutory language so clear that it needs no construction.