## STEVENS v. OSGOOD *et al.*

1. An ex parte proceeding taken by a mortgagee under Rev. Code Civ. Proc. § 636, authorizing foreclosure by advertisement under power of sale given by mortgagor as part of the security, is not an action within section 12, defining an action as an ordinary proceeding in a court by

which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, and hence the statutes limiting the time within which actions may be brought are not applicable thereto.

2. Independently of the equitable defenses of laches and estoppel by unreasonable delay, there is no limitation on the time when a mortgage may be foreclosed by advertisement under power of sale given therein as part of the security.

3. Where a mortgagee was proceeding under Rev. Code Civ. Proc. § 636, authorizing foreclosure by advertisement under power of sale, and the mortgagor procured an order restraining the proceeding and requiring foreclosure by action pursuant to other provisions of the same section, any errors in the action are not available to the mortgagor, it appearing that the mortgagee was acting within his rights in proceeding to foreclose by advertisement.

(Opinion filed June 30, 1904.)

Appeal from circuit court, Beadle county; Hon. CHAS. H. WHITING, Judge.

Action by Frank E. Stevens against F. L. Osgood and others. From a judgment for plaintiff and an order denying a motion for a new trial, Grandy appeals. Affirmed.

*Wood & Fairbank*, for appellant.

*Crawford & Taylor*, for respondent.

FULLER, J. At the trial of this action to foreclose a mortgage on real property, plaintiff had judgment, and the defendant Grandy appealed therefrom and from an order overruling his motion for a new trial. The essential facts may be stated thus: Default being made in the payment of certain interest, as well as the principal sum secured by the mortgage, which contains a power of sale, and matured November 1, 1890, plaintiff commenced a statutory proceeding on the 1st day of October, 1902, to foreclose by advertisement, whereupon an order

was obtained from the judge of the circuit court, restraining the procedure, and requiring foreclosure by action in accordance with section 636 of the Revised Code of Civil Procedure.

Such orders are justified only when it appears by affidavit, to the satisfaction of the judge, that "the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage," and the only defense here interposed was: "That the note and mortgage alleged in plaintiff's complaint became due and payable on the 1st day of November, 1890, and that no payment of principal or interest has ever been made on either the alleged note or mortgage, or the debt alleged to be secured thereby, since the 1st day of November, 1888. That this action was not commenced within six years after the cause of action on the alleged note and mortgage, or either of them, accrued." Manifestly, the ex parte steps taken by the mortgagee or his assignee to execute the irrevocable power of sale given by the mortgagor as a part of the security are in no respects included within the following statutory definition: "An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 12, Rev. Code Civ. Proc. A proceeding to foreclose a mortgage by advertisement is not an action, because no right is litigated between parties, nor is the power of a court of law or equity invoked. Hall v. Bartlett, 9 Barb. 297.

It is needless to discuss the different periods within which the remedy by action is available in this state, for the reason that, independently of the equitable defense of laches and

estoppel by unreasonable delay, there is no limitation on the time when a mortgage may be foreclosed by advertisement, and we have no power to read such a restriction into the statute authorizing the proceeding.

In addition to the remedy by action, which must be exercised within the statutory limitation, the mortgagor gave the mortgagee or his assignee the power of sale, and his remedy in the case of default was therefore doubled. Assuming, without deciding, that the remedy by action has been lost by the lapse of time, that fact in no manner destroys or constitutes an impairment of the contractual right to foreclose by advertisement. In the case of Hayes v. Frey, 54 Wis. 503, 11 N. W. 695, the court say: ''There are at least two very good reasons why the statute should not be a bar to the foreclosure by advertisement. The first is that the proceedings are not an action, and the statute of limitations has no application to the case; and the second is that the power to sell is granted whenever there is a default in the payment of the money secured by the mortgage. There is no pretense that the money secured by the mortgage was ever paid, and so there was clearly a default in a condition of the mortgage, which authorized the execution of the power. It may also be remarked that the statute which regulates the sale under the power does not prescribe any limitations as to the time within which the proceedings must be had, and the general statute of limitations applies only to the times within which actions shall be commenced. The fact that the debt secured by the mortgage appears to have been barred by the statute of limitations is no bar to the proceedings to foreclose under the statute.'' The following cases are directly in point: Menzil v. Hintin, (N. C.) 44 S. E. 385; Cone v. Hyatt, 132 N. C.

810, 44 S. E. 678; Golcher v. Brisbin, 20 Minn. 453 (Gil. 407); Dimmitt County v. Oppenheimer, (Tex. Civ. App.) 42 S. W. 1029. As the statute of limitations applies merely to the remedy by action, and does not discharge the debt or raise a presumption of payment, the lien of a mortgage on real property, containing a power of sale, is not destroyed, nor the right to foreclose by advertisement lost by the mere lapse of sufficient time to prevent a foreclosure in court.

It affirmatively appearing that respondent has obtained nothing by the decree to which he would not have been entitled under the power of sale had the foreclosure by advertisement proceeded without interruption, appellant has nothing of which to complain, and the judgment appealed from is affirmed.