## W. T. WILLIAMS ET AL. v. W. T. ARMISTEAD, TRUSTEE, ET AL.

Decided November 25, 1905.

**1.—Trust Deed—Power of Sale—Revocation by Death.**

The death of a purchaser of land encumbered by a deed of trust lien revokes the power of the trustee to sell pending an administration by an independent executor as well as where the administration is by the Probate Court under the statute.

**2.—Same—Void Sale—Satisfaction.**

Where a debtor secured by a trust deed accepted in satisfaction of his debt a sum realized from a void sale of the property made by a substituted trustee, such payment, not being made with money furnished by the mortgagor or his vendee nor by their procurement or solicitation, did not enure to their benefit and constituted no bar to the execution of the trust.

**3.—Same—Power to Sell—Limitations.**

That a debt secured by deed of trust is barred by the statute of four years' limitation does not affect the power to sell conferred by the trust deed.

**4.—Same—Limitations.**

One who bought land encumbered by a deed of trust could not, in a suit by him to enjoin the execution of the trust deed, invoke the statutes of limitations of three, five and ten years applicable to claims for land.

Appeal from the District Court of Marion. Tried below before Hon. P. A. Turner.

*Geo. T. Todd, Chas. S. Todd* and *F. H. Prendergast,* for appellants.—

A subsisting independent executorship under a will duly probated is an "administration" of the estate of the decedent in contemplation of law. Todd v. Willis, 66 Texas, 707; Black v. Rockmore, 50 Texas, 97; Roy v. Whitaker, 92 Texas, 346; Freeman v. Tinsley, 40 S. W. Rep., 837; Swearingen v. Williams, 67 S. W. Rep., 1061.

Administration of the estate of W. J. Williams, appellant's testator, being still open, and having been continuously pending, the power of the trustee to sell the land is revoked or suspended, because the exercise thereof would be in contravention of the probate laws, the statutory remedy of the holder of the lien on the land being suit against the independent executor to subject the land to the lien. Rev. Stats., arts. 1995-2005; Robertson v. Paul, 16 Texas, 472; Buchanan v. Monroe, 22 Texas, 537; Whitwine v. May, 96 Texas, 317; Black v. Rockmore, 50 Texas, 97; Rogers v. Watson, 81 Texas, 403; Bradford v. Knowles, 86 Texas, 508; Swearingen v. Williams, 67 S. W. Rep., 1061, 1062.

The fifth paragraph of the amended petition distinctly and fully alleges payment and satisfaction of the note and trust deed to appellee E. W. Taylor. This being admitted by the general demurrer, it was manifest error to sustain such demurrer. Brown v. Mitchell, 1 Posey U. C., 373; Gray v. Herman, 6 L. R. A., 691; Pelton v. Knapp, 21 Wis., 64; Putney v. Farnham, 27 Wis., 187; Leavitt v. Morrow, 6 Ohio St., 71-81.

The statutes of limitations of three, five and ten years, based on actual, continuous and adverse possession of the land, are fully pleaded in paragraph 10 of the amended petition, and, being admitted by the general demurrer, the court erred in sustaining such demurrer. Tinnen v. Mebane, 10 Texas, 246; Pearson v. Burditt, 26 Texas, 157; Kennedy v. Baker, 59 Texas, 150; Reed v. West, 47 Texas, 248; Early v. Sterrett, 18 Texas, 117.

*John W. Wray,* for appellees.—While the attempted execution of the power by the substitute trustee was invalid, nevertheless the payment by the purchaser at the sale of the consideration for the land resulted in an equitable transfer to him, and those acquiring title through him, of the note and deed of trust. Jones on Mortgages, sec. 812; Long v. Long, 19 S. W. Rep., 537; Salvage v. Haydock, 44 Atl. Rep., 696; Cook v. Cooper, 22 Pac. Rep., 945; Hodgkin v. McVeigh, 10 S. E. Rep., 1065.

When Williams, who purchased the land from Smith, died, making a will with an independent executor, and naming appellant herein as such executor, who qualified under the will as such executor and proceeded with the administration of the estate independent of the Probate Court, it did not require of Taylor, or the holder of the said indebtedness and deed of trust, to present the same for allowance and approval by said independent executor, and any such act would have been an absolute nullity, and the statute of limitations has no application. Smyth v. Caswell, 65 Texas, 379; Roy v. Whitaker, 50 S. W. Rep., 493.

An independent executor practically wears the decedent's shoes so far as the management of the estate is concerned. He is the trustee chosen by the decedent, with extensive powers, who confides to him the decision of the justness of the claims, the conversion of the estate into money, and the exercise of a sound discretion in all the affairs pertaining to its

management and disposition. Stevenson v. Roberts, 64 S. W. Rep., 231; Altgelt v. Mernitz, 83 S. W. Rep., 894.

RAINEY, CHIEF JUSTICE.—This is an injunction suit brought by W. T. Williams, as executor, Emma Wareham and Helen D. Smith, against W. T. Armistead, trustee, and E. W. Taylor, to enjoin them from foreclosing a trust deed by selling the land specified in said trust deed. A general demurrer was sustained to plaintiffs' petition, and plaintiffs declining to amend, the suit was dismissed, except as to the claim of Emma Wareham, whose claim to sixty acres of the land in Marion County was confessed, and judgment to the extent of sixty acres was rendered in her favor, from which there is no appeal. Williams and Smith appeal.

The facts stated in the petition are that on May 27, 1887, J. T. Smith conveyed to W. T. Armistead in trust, with power of sale, certain lands to secure the payment of a note, with interest, etc., executed by said Smith to E. W. Taylor. That on June 1, 1903, the said W. T. Armistead, as trustee, advertised under said deed of trust said land to be sold on July 7, 1903, to prevent which the injunction herein was sued out. The petition further sets out that said J. T. Smith, on February 1, 1889, by warranty deeds, sold and conveyed said land, part to W. J. Williams and part to Mrs. Grey, which last part is now owned by Mrs. Wareham. That on April 2, 1889, by an unlawfully substituted trustee, said land was advertised and sold, and bought in by one Connery for an amount sufficient to pay off and cancel said indebtedness, which amount was paid to and accepted by said Taylor in satisfaction thereof, whereby said mortgage lien was extinguished.

On March 4, 1894, more than four years after the maturity of said note, said W. J. Williams died, leaving a will appointing W. T. Williams as independent executor of his estate, who qualified as such, which administration is still open and pending, and that by reason of which the powers of W. T. Armistead to sell under said trust deed were extinguished. On September 3, 1897, J. T. Smith died, leaving Helen D. Smith as his only heir. That a suit was brought by W. T. Williams, as executor, against the parties claiming an interest in said land, to recover said land, in which it was decreed that the sale of the land by the substituted trustee under said deed of trust was a nullity, and title to said land was decreed to be in W. T. Williams, as executor. Statute of limitation was plead to the note, and the three, five and ten years statutes of limitation as to the land was also plead.

The foregoing states the substance of the petition with sufficient certainty to disclose the points made, upon which a recovery is based, and which were set forth in the petition with sufficient and proper averments. By the allegations of the petition it is shown that, after the execution of the trust deed, Smith conveyed the land to W. J. Williams, who subsequently died. When Williams took the land it remained encumbered, and was subject to the payment of said debt secured by the trust deed. While Williams, during his lifetime, held the equity of redemption in said land, it was subject to the provisions of the deed of trust, which provisions could have been executed without the intervention of a court during his lifetime. But W. J. Williams having died

before the trustee in the mortgage exercised the power to sell, and the estate of said Williams being administered by an independent executor, the power to sell is revoked, and the only power to now sell, at least, pending the administration, rests in the proper court. (Buchanan v. Monroe, 22 Texas, 537; Whitmire v. May, 96 Texas, 317.) But it is insisted that a different rule prevails where an independent executor, as in this case, is administering the estate, and where the estate is being administered by the Probate Court under the statute. It is true, in the first instance, that a decedent by will may empower his executor to administer his estate in a particular way without the interference of the Probate Court, except in certain contingencies, while in the latter the estate is administered under the directions of the Probate Court in accordance with the statutes relating to estates. Notwithstanding there is a difference between the two characters of administration, the effect is the same as to the exercise of the powers conferred upon the trustee. The case of Buchanan v. Monroe, supra, announces the rule that the death of a purchaser of land encumbered with a deed of trust revokes the power of the trustee to sell, and a foreclosure could only be enforced in the courts. This doctrine is adhered to by the Supreme Court in a recent decision—Whitmire v. May, supra. If the death of the one holding the equity of redemption revokes the power to sell, we can see no difference as to how the estate is being administered, so it is being done in accordance with law. (Black v. Rockmore, 50 Texas, 88.) But we are not without authority on this exact proposition. The case of Swearingen v. Williams (28 Texas Civ. App., 559, 67 S. W. Rep., 1061) is precisely in point, and reference to said case is made for the discussion therein by Chief Justice James, who rendered the opinion. We are of the opinion that the allegations relating to the foregoing proposition set forth a good cause of action, and the court erred in sustaining the demurrer.

The allegations in reference to Taylor being paid, and the powers of W. T. Armistead, trustee, being annulled by such payment, etc., constitute no bar to the execution of said trust, because the petition shows that such money as was received by Taylor came through a void sale (Bemis v. Williams, Exr., 32 Texas Civ. App., 393, 74 S. W. Rep., 332), which money was not furnished by either Smith or Williams, nor by their procurement or solicitation. The plaintiffs are in no attitude to ask relief by reason of such payment, as it did not inure to their benefit.

That the debt was barred by the statute of four years limitation does not affect the power to sell. In a proceeding in court to foreclose, such a plea would prevail, but in this case the power of sale is only revoked by the death of Williams. Nor do we think there is any merit in the plea of three, five and ten years statute of limitation. These statutes only apply to the claim for land, and as Williams took the land subject to the trust deed, as to that he occupies the same position as Smith, who, we think, could not interpose such limitation.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Writ of error dismissed for want of jurisdiction.