## KAMMANN v. BARTON et al.

Where plaintiff seeks to foreclose a mortgage and recover a personal judgment for any deficiency against the mortgagor who has conveyed his entire interest in the mortgaged premises, the mortgagor has such interest in the subject-matter of the suit as entitles him to a new trial after erroneous judgment for plaintiff.

The power to foreclose a mortgage by advertisement on default is a contract right; and, unless the power is contained in the mortgage and duly recorded, it cannot be exercised.

The term "valid defense" in Code Civ. Proc. § 636, authorizing the court to direct that a foreclosure begun by advertisement shall be had in the circuit court on the mortgagor showing a valid defense, includes any defense which may reduce or extinguish the indebtedness secured, but does not include a defense unavailable to the mortgagor at the time of the order transferring the foreclosure to the circuit court, and a mortgagor may not plead limitations in defense to a foreclosure begun by advertisement and subsequently transferred to the circuit court.

A record of a former trial to which one made a party to a subsequent trial was not a party is not evidence against him on a point tried and determined in the former trial and directly put in issue in the subsequent trial by his answer.

(Opinion filed November 2, 1910.)

On petition for rehearing. Granted in part, and former decision modified in part.

For former opinion, see 23 S. D. 442, 122 N. W. 416.

W. F. Corrigan and Taubman, Williamson & Herreid, for appellants. A. W. Campbell and D. W. Poindexter, for respondent.

SMITH, J. This case is before us on rehearing. The former opinion of the court will be found in 23 S. D. 442, 122 N. W. 416, where the case is fully stated.

Only one proposition requires consideration on this rehearing. The issue as to the execution and delivery of the notes and mortgage sought to be foreclosed in this action was fully litigated and decided as to the defendant Hunter in the former action of Hunter v. Kammann, as is conclusively shown by the judgment and record in that action. The ground of our former decision awarding a new trial to both defendants was that, while the pleadings in the former action disclose a plea of the statute of limita-

tions against the notes and mortgage, yet the record and judgment in the former action fail to show that this issue was in fact tried and determined in that action.  And a determination of that issue on the former trial not being necessary to sustain that judgment, and there being no evidence offered on the trial of this action showing that this issue was in fact tried and determined in the former action, this court holds that the finding of the trial court that such issue was adjudicated in the former action is not sustained by the evidence.  On this latter proposition, as a correct statement of the rule of law in our former decision, we have no doubt.  But it is now urged that as the mortgagor Barton was not a party defendant in the former action he is not bound by that adjudication, and may plead the nondelivery of the notes and mortgage.  We think there is merit in this contention, and are of opinion that a new trial should be awarded as to him.  It is contended that, as Barton has conveyed his entire interest in the mortgaged premises to Hunter, Barton has no interest in the subject-matter of the action which would entitle him to a new trial.  But this contention cannot be sustained for the reason that the plaintiff is seeking in this action, not only a foreclosure of the mortgage as against both Barton and Hunter, but also a personal judgment against Barton for any deficiency that may remain after a sale of the mortgaged premises.

One other question remains for consideration.  The record discloses that the mortgage sought to be foreclosed was duly recorded, and contains the usual power of sale on default of payment; that Kammann commenced foreclosure by advertisement, but was compelled to desist from that method of enforcing his remedy by an injunctional order issued under the provisions of section 636, Code Civ. Proc., directing that all further proceedings be had in the circuit court.  This action is therefore but a continuation of the foreclosure proceeding begun by advertisement pursuant to the power contained in the mortgage.  The question arises as to what "defenses" to the foreclosure proceedings are available to a defendant, under this statute, when foreclosure proceedings are thus transferred to the circuit court.  The power

contained in a mortgage authorizing a foreclosure by advertisement upon default is a valid and valuable contract right to pursue a remedy authorized by statute. This remedy is made wholly dependent upon the contract of the parties; for, unless the power is contained in the mortgage and duly recorded, it cannot be exercised. Grant Co. v. C. & U. S. Mortg. Co., 3 S. D. 390, 53 N. W. 746; Male v. Longstaff, 9 S. D. 389, 69 N. W. 577. It was held by this court in Stevens v. Osgood, 18 S. D. 248, 100 N. W. 161, that the statute of limitations is not available against a foreclosure by advertisement under a power, and that decision is sustained by ample authority. To hold that the mortgagor can enjoin a foreclosure by advertisement and compel the mortgagee to proceed in the circuit court, and after getting into court plead a defense not theretofore available, and thus defeat the mortgagee's contract remedy, would be a perversion of the manifest purpose of section 636, Code Civ. Proc. The term "valid defense," as used in that statute, should be construed to give the mortgagor the right to interpose any defense which may reduce or extinguish the indebtedness secured by the mortgage, and thus affect the contract right to the remedy of foreclosure by advertisement. But it should not be construed to authorize a defense unavailable to the mortgagor at the time the injunctional order is issued requiring all further proceedings in foreclosure to be had in the circuit court. Such being the law of this state, the defense of the statute of limitations is not available either to Barton or Hunter in this action. It therefore becomes immaterial whether or not the plea of res judicata as to the statute of limitations in the former action is sustained by the record. It is plain that, as to the defendant Hunter, the issue as to delivery of the notes and mortgage was fully tried and determined in the former action, that a plea of the statute of limitations cannot defeat the plaintiff's rights as against Hunter, and that, as to that defense, Barton stands in the same position as Hunter.

It is contended by respondent that the evidence is sufficient to sustain the finding of the trial court as to delivery of the notes and mortgage as against the defendant Barton. The abstract

shows that the only evidence offered on the trial by plaintiff to sustain that issue was the record in the former trial of Hunter v. Kammann, in which the question of delivery was tried and determined. But, as we have seen, Barton was not made a defendant in that action, and as to him the record is insufficient to prove the delivery of the notes and mortgage, which is directly put in issue by the answer in this case, and is denied by Barton in his evidence.

The former decision of this court should stand so far as it awards a new trial to Barton, but should be modified to the extent of denying a new trial as to Hunter.

WHITING, P. J., took no part in this decision.