NATIONAL TAILORING COMPANY, a Corporation, and DON C. PARKIN, Sheriff of Big Horn County, Wyoming,

vs. *Plaintiffs in Error,*

J. E. SCOTT,

*Defendant in Error.*

(No. 2392; August 3rd, 1948; 196 Pac. (2d) 387)

For the plaintiffs in error the cause was submitted on the brief of Zaring and Zaring of Basin, Wyoming.

For the defendants in error the cause was submitted on the brief of Robert H. Brome of Basin, Wyoming.

## OPINION

RINER, Chief Justice.

This is a proceeding in error to secure the review of a judgment on the pleadings entered by the district

court of Big Horn County in an action there pending wherein J. E. Scott was plaintiff and National Tailoring Company, a Corporation, C. A. Zaring, its attorney, and Don C. Parkin, Sheriff of said county were defendants. In this court the defendants other than C. A. Zaring appear as plaintiffs in error but will be referred to hereinafter usually as the "defendants" or as the "Tailoring Company" or the "sheriff". J. E. Scott, the defendant in error here will usually be designated as the "plaintiff" or by his surname. As can be inferred from what has been said, the judgment aforesaid was given in favor of the plaintiff and against the Tailoring Company and its agents and representatives as well as the sheriff.

The original petition of the plaintiff was filed in court on August 30, 1945. The substance of plaintiff's amended petition filed June 18, 1946 may be stated as follows:

As an alleged first cause of action, in paragraphs numbered 1, 2, and 3, it is stated that the Tailoring Company was at all times mentioned, a foreign corporation; that the defendants, Zaring and the sheriff are respectively the attorney and agents for said corporation and acting in its behalf in the matters subsequently set forth; that the Tailoring Company has commenced and is carrying on in said county proceedings by advertisement to foreclose a certain mortgage given by the plaintiff to said Tailoring Company upon real property situated in said county and described in said mortgage; that said mortgage, dated January 31, 1925, was duly recorded in a stated book and page in the County Clerk's office in said county on March 3, 1925, this mortgage being given to secure the principal sum of $4,758.25; that according to its terms it became due and payable January 31, 1930; that true copies of the mortgage and the Notice of Foreclosure by advertise-

ment are attached to and made a part of this pleading.

The mortgage thus referred to describes the debt secured thereby in these words:

"the sum of ($4,758.25) Forty seven hundred fifty eight and 25/100 Dollars due and payable, on or before five years from date hereof, towit: January 31st, 1930, together with interest thereon at the rate of six (6%) per cent annum, said interest being due and payable annually. First party shall have the right to discharge before due any part, or all, of said secured indebtedness with interest accrued to date of such discharge, according to the conditions of one certain promissory note, bearing even date herewith and executed by the said first party to the said party of the second part, which said sum or sums of money the said first party hereby covenant to pay,"

The instrument also contains the following language:

"And in case default shall be made in the payment of the said principal sum of money hereby intended to be secured, or in the payment of the interest thereof, or any part of such principal or interest, as above provided, then it shall and may be lawful for the said party of the second part its successors, or assigns, to sell and dispose of said above described premises, and all the right, title, benefit, and equity of redemption of said party of the first part, his heirs, executors, administrators or assigns, therein, at public auction, for cash, according to the statute in such case made and provided and in the manner therein prescribed, and out of the money arising from such sale to retain the said principal and interest, together with the costs and expenses of such sale and $475.00 Dollars for attorney, solicitor or counsel fees, and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the said party of the first part, his heirs, successors, executors, administrators or assigns, and in any proceedings in equity to foreclose this mortgage;"

The Notice of Foreclosure states the amount of the debt secured as $4,758.25 and the amount due on the date of the publication of the notice, August 9, 1945, as the sum of $8,238.

The alleged first cause of action further avers that the defendants claiming to act under said mortgage are advertising its foreclosure and the sale of said property, said sale to take place at the front door of the court house in the Town of Basin in said county on September 1, 1945 at 10:00 A. M.; as paragraph 4 of said amended petition it is averred that about January 31, 1925 plaintiff was engaged in the clothing store business at Lavoy, Wyoming, and was then indebted to the Tailoring Company in the amount set forth in the mortgage; that about the date last mentioned plaintiff with the consent of the Tailoring Company sold his clothing store business to one Strickland; that as one of the terms of the sale orally agreed upon between the Tailoring Company, the vendor, and the purchaser, plaintiff gave the mortgage aforesaid to the Tailoring Company to secure said indebtedness which had arisen out of said business; that Strickland agreed to pay said mortgage in lieu of making payments to plaintiff herein on the purchase price of the business; that thereafter he made payments on said mortgage to the Tailoring Company between the date thereof and its due date; that the plaintiff is informed and so alleges that Strickland paid said mortgage in full before its due date; that after signing said mortgage no demand was made on plaintiff for its payment except that a few months prior to January 31, 1930, an agent of the Tailoring Company advised plaintiff that Strickland had reduced said mortgage debt to approximately $750.00; that prior to the due date of said mortgage, Strickland operated said clothing business and purchased goods from the Tailoring Company and "the said Strickland, the above mentioned agent of defendant, informed plaintiff that said indebtedness had been fully paid and plaintiff from that date until the publication of the foreclosure notice aforesaid heard no more of the transaction"; that Strickland, subsequent to the due date of the

mortgage sold said business; that since the commencement of the foreclosure proceedings plaintiff has tried to locate said Strickland but is informed and so alleges that Strickland died about three years ago; that the agent of the Tailoring Company who was present at the time of the giving of said mortgage and who informed the plaintiff that the mortgage had been reduced to approximately $750.00 and thereafter informed him that it had been paid in full, is as plaintiff is advised and so alleges, now deceased; that the Tailoring Company has been guilty of laches and unreasonable delay in starting the foreclosure proceedings; that more than fifteen years elapsed between the due date of the mortgage and the commencement of said proceedings; that plaintiff during said fifteen years made no payments thereon and received no notice that anything was due thereon; that plaintiff's witnesses by which he could and would show the payment of said indebtedness are now deceased; as paragraph 5 of said amended petition, it is averred that unless the defendants are restrained by court order they will sell said land and issue a deed to the purchaser; that said sale will be a cloud upon plaintiff's title to said property and as owner thereof he will be greatly damaged and that he has no adequate remedy at law.

The alleged second cause of action in plaintiff's amended petition states as against the defendant Tailoring Company that plaintiff is the owner of and in possession of the mortgaged lands; that plaintiff adopts and incorporates in this cause of action the allegations of paragraphs 4 and 5 of plaintiff's first cause of action as set forth above; that the Tailoring Company is a foreign corporation and claims an interest in said lands by reason of said mortgage attached to the pleading as mentioned heretofore; that no payments have been made upon the note secured by this mortgage since Jan-

uary 31, 1930 and it is barred by the Statute of Limitations of this state; that the mortgage deed matured January 31, 1930 and that said mortgage is a cloud upon plaintiff's title.

There was a prayer that a temporary injunction be issued restraining the defendants, their agents, attorneys, or deputies, until the court's further order, from foreclosing the mortgage aforesaid or selling the property described therein; that this injunction upon final hearing be made perpetual; that the mortgage be declared barred by said statute, be adjudged void and be cancelled; that plaintiff recover his costs.

Upon the filing of plaintiff's original petition a temporary injunction was issued by the district court commissioner as prayed, to become effective upon plaintiff's giving bond in the sum of $500.

The answer of the defendants admits the allegations of paragraphs 1, 2, and 3 of the first cause of action in plaintiff's amended petition and denies the allegations in the remaining portion thereof. As to the second cause of action in said pleading, the answer admits that no payments have been made upon said mortgage or upon the note secured thereby since January 31, 1930. All other allegations in the second cause of action of plaintiff's amended petition are denied.

Upon motion of plaintiff under date of July 23, 1947, the district court aforesaid entered an order which found:

"generally in favor of the plaintiff and against the defendant; and the Court doth further find that the facts alleged and admitted in the pleadings herein establish that action upon the debt secured by the aforesaid mortgage and action at law to foreclose said mortgage are both barred by the applicable statute of limitations of the State of Wyoming; and the Court doth further find that proceedings to foreclose said mortgage by ad-

vertisement and sale are also barred by the applicable laws and statutes of the State of Wyoming."

It was therefore ordered that plaintiff's motion be granted and that judgment be rendered and entered for the plaintiff in accordance with his amended petition. Judgment was accordingly given restraining defendants permanently from "foreclosing by advertisement and sale or otherwise" the mortgage aforesaid and it was adjudged that said instrument "be and the same hereby is cancelled and annulled and rendered wholly void and of no force and effect". Plaintiff and his sureties on the bond filed in connection with the allowance of the temporary restraining order aforesaid, were released from their obligation thereunder.

It is apparent that the question for determination upon the record before us is whether on August 9, 1945 when the mortgage in question was undertaken to be foreclosed under the power of sale in that instrument contained, there was in existence any valid statute which prohibited a foreclosure in the manner thus attempted to be followed by the Tailoring Company. In this connection the plaintiff urges (1) that proceedings to foreclose by advertisement were barred under "the statute and cases prior to 1945 amendment" and (2) that "proceedings to foreclose by advertisement" were "barred under 1945 amendment to Section 59-201" (infra). Consideration will be given to these contentions in the order named, thus resolving the main question above posed.

Under the law of this state two methods of foreclosing mortgages are customarily used, viz., (1) by an action in court. This method must be used when no power of sale provisions appear in the mortgage. (2) By a power of sale when that is given by the terms of the instrument. Perhaps it may be said with reasonable accuracy that most mortgages in this jurisdiction have

incorporated in them this power of sale. Of course, such a mortgage may be foreclosed by court action, also, if the mortgagee sees fit to invoke that remedy. Consequently there are two remedies available to the holder of a mortgage to enable him to realize upon the security which are in common use in this state. The manner in which this power of sale is to be exercised is quite fully regulated by statute. Article 2 of Chapter 59, 4 W. C. S. 1945, Sections 59-201—59-213 inclusive. Additionally, it should be observed that Section 59-213 declares that:

"The provisions of this Act (§§ 59-201—59-213) shall apply to all mortgages containing a power of sale executed prior to the passage thereof, not having been foreclosed, and nothing in this act contained shall be construed as limiting the power of parties to a mortgage to provide therein as they may see fit as to the manner of foreclosure and sale, and when such provision is made, foreclosure and sale may be made in accordance therewith, or in accordance with the provisions of this Act."

For the plaintiff it is urged that Section 3-504, 1 W. C. S. 1945 controls the disposition of this case. That section, so far as material here, reads:

"Within ten (10) years an action upon a specialty or any contract, agreement or promise in writing;"
However, there must be read in connection therewith, the preceding section, 3-503, in order to ascertain the true import of both. The section last mentioned makes it plain that these provisions of statutory law deal with "civil actions" only. Section 3-503, 1 W. C. S. 1945 provides:

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action accrues."
See also the language of Section 3-405 W. C. S., 1945 which, it would appear, should have immediately preceded Section 3-501 of that compilation. Refer to Sec-

tion 89-405 W. R. S. 1931. In 7 Words and Phrases, 268 it is said:

"an 'action' is a lawful demand of one's right in a court of justice. A 'civil action' is a like demand by a person of a civil right."

It is quite evident therefore that the limitation contained in Sections 3-503 and 3-504, supra, are operative merely upon the remedy by proceedings in court. They do not undertake by their terms to affect in any way extra-judicial proceedings in carrying out the terms of a contract executed for the purpose of securing a debt.

The theory of the plaintiff, nevertheless, is that as:

"a mortgage is a mere incident of the debt, action to foreclose is barred when action on the debt is barred and, hence, proceedings to exercise a power of sale in a mortgage are barred and may be enjoined whenever action on the debt is barred."

Some courts, it is true, do adopt this view but in State ex rel. Avenius vs. Tidball, 35 Wyo. 496, 509, 252 Pac. 499, it was said:

"We might say, however, without deciding the point, that it is generally held that a statute of limitations governing acts (actions) or suits to foreclose mortgages has no application to proceedings of foreclosure under a power of sale in a mortgage or trust deed. 41 C. J. 944."

And in the later case of Delfelder vs. Teton Land and Investment Co., 46 Wyo. 142, 169, 24 Pac. 2d 702, the same remark was reiterated.

41 C. J. 944 thus cited by this court asserts that:

"In some jurisdictions the rule obtains that a power of sale cannot be exercised after it appears from the face of the mortgage that the debt secured has become barred by the statute of limitations. But the general rule is that statutes of limitation governing actions or suits to foreclose mortgages have no application to proceedings of this kind, taken ex parte and out of

court, and the fact that an action of foreclosure or to recover the debt secured is barred by limitations does not in general affect the right of selling under the power for the purpose of applying the proceeds of the sale to the debt, unless there is a statute which makes such limitations applicable; and any such statute is invalid so far as it applies to rights which had accrued prior to the time it went into effect."

While the remarks in the two cases last cited were not intended as decisions of the point, we have no reason to think that they incorrectly stated the law at the time they were made. Indeed our present examination of the authorities as we find them to be indicates that these statements accurately reflect the state of the case law in this country.

It is, nevertheless, insisted that the still later decision of this court in Stryker vs. Rasch, 57 Wyo. 34, 112 Pac. 2d 570 did rule on the question here presented. But in that case the problem of whether, when the remedy by court action on the mortgage contract or debt which it secures, or both, is barred, that fact alone cut off the extra-judicial remedy agreed upon by the parties to such contract, i. e., the power of sale, clearly was not considered.

2 Jones on Mortgages, 8th Ed., 1039, Section 1541 says that:

"The statute of limitations does not discharge the debt or extinguish the right, but only takes away the remedy."

That is to say, in the case at bar Section 3-503 and 3-504 supra, bar the remedy by court action on both the note evidencing the debt and the mortgage securing it. These statutes say nothing concerning the remedy by power of sale.

In some states the statute of limitations prescribes a certain period for bringing an action in court on the

note which the mortgage secures and a quite different and frequently a longer period for bringing a suit upon the mortgage contract itself. Suppose the period of limitation as to the note should be fixed by such a statute at six years and that upon the mortgage at ten years, would the fact that the note is more than six years over due be a defense to an action to foreclose the mortgage? It would hardly be thought that an affirmative answer should be given this query. The reason why a negative answer would be proper is, of course, because one remedy is barred while the other is not. It is difficult to see, therefore, why still another existing remedy, viz., the contractual power of sale, should be held barred unless a statute of the state (e. g. Section 59-201, 4 W. C. S. 1945) so states and then only under certain circumstances to be hereinafter discussed.

So 53 C. J. S., 928 says:

"In the majority of jurisdictions, if the statute of limitations has not barred the remedy on a mortgage, such remedy may be enforced even though action on the debt secured, or on the evidence thereof, is barred by limitations."

Labeling the following as the "minority rule" the same text page 929 points out that:

"In some jurisdictions it is held that, as a mortgage is a mere incident to, or security for, the debt, when the right of recovery as to the debt is barred the mortgage or deed for security, or the remedy thereon, is also barred."

2 Wiltsie on Mortgage Foreclosure (5th Ed.) 1370-1371, Section 846 states:

"And as a general rule statutes of limitations with respect to actions of foreclosure or actions on contract probably do not apply to a foreclosure under a power of sale, provided there is no expressed or apparent intent that they should so apply."

House vs. Carr, 185 N. Y. 453, 78 N. E. 171, 7 A. &

E. Ann. Cas. 185 was an action for an injunction to restrain the foreclosure of a mortgage by advertisement under a power of sale therein contained in the manner provided by statute for the exercise of that right. The mortgage was collateral to a bond of even date to secure the payment of a debt of $400 owed by the mortgagor to the mortgagee. The complaint charged and the trial court found that no payments had been made within twenty years upon the bond and mortgage and that therefore they were, under the statute of limitations, barred by lapse of time. Judgment for the plaintiff was given by the trial court and this ruling was affirmed by the appellate division of the supreme court. On review of this judgment by the court of appeals it was held, reversing the judgment of both the trial court and the appellate division, that a court of equity would not, on the ground that the statute barred an action on the bond and mortgage, restrain a sale under the power contained in the mortgage where there was neither an allegation in the complaint nor a finding by the court that the bond and mortgage had been liquidated. And in the course of its opinion the court said:

"The statute does not discharge or pay the debt; the debt and obligation to pay the same remain, and the arbitrary bar of the statute alone stands in the way of the creditor seeking to compel payment."

In the note appended to this case (7 A. & E. Ann. Cas. 189) we find it said:

"although the question has been vigorously contested, and elaborate dissenting opinions appear in a majority of the cases, the courts have uniformly adhered to the rule applied in the reported case, and held that a court of equity will not enjoin the sale of property under a deed of trust or a mortgage with power of sale, at the suit of the mortgagor or grantor, on the ground that an action to recover the debt secured is barred by the statute of limitations." (Citing cases.)

"The cases proceed upon the theory that the statute

does not cancel or discharge the debt or the obligation to pay it, but merely an arbitrary bar to a suit thereon; and, hence, that if the mortgagee or trustee has the means of satisfying the debt under the power of sale, which requires no suit, the statute does not afford any ground for equitable interference. Menzel v. Hinton, 132 N. Car. 660, 44 S. E. Rep. 385."

Talbot vs. Hill, 261 Fed. 244, 49 App. Cas. D. C. 96 was a case where Talbott filed a bill in equity which in brief stated that he was the owner of certain land in the district; that in 1896 one B. who then owned the property conveyed it to Hill and another by a duly recorded deed of trust to secure the payment of $8000 evidenced by two notes, each payable four years after date; that this deed had the usual power of sale in case of default; that Hill was the only surviving trustee; that as more than fifteen years had elapsed since the date of the deed, the right to enforce same by sale of the property was barred by the statute of limitations and that the deed constituted a cloud upon the owners' title which the suit was brought to remove; that the representative of the holder of the notes had announced that the surviving trustee would be ordered to sell the property under the power of sale for the purpose of paying the notes. It was prayed that the deed of trust be declared inoperative because the statute of limitations had run against it; that Hill be enjoined from attempting to sell and said representative from ordering sale under the power contained in said deed of trust. The trial court dismissed the bill and upon appeal this decree was affirmed. In the course of the opinion reaching that conclusion the appellate court said relative to the position taken by the owner of the land:

"He contends that the trust is barred, and hence that his title is sound. In other words, he bottoms his right to have the deed declared invalid and unenforceable upon the statute of limitations. But has that statute

any application to this case? It says that 'no action shall be brought for the recovery of lands * * * after fifteen years from the time the right to maintain such action shall have accrued. * * *' Code of Law, § 1265. The action there referred to 'is the form of a suit given by law for the recovery of that which is one's due.' Coke on Littleton, 285, 285a. It 'does not apply to a power of sale contained in a mortgage or deed of trust, when the deed is foreclosed, not in an action brought for that purpose, but simply by the mortgagee or trustee executing the power of sale.' Cone v. Hyatt, 132 N. C. 810, 812, 44 S. E. 678. See, also, Menzel v. Hinton, 132 N. C. 660, 44 S. E. 385, 95 Am. St. Rep. 647; Stevens v. Osgood ,18 S. D. 247, 249, 100 N. W. 161; Kammann v. Barton, 26 S. D. 371, 373, 128 N. W. 329; Williams v. Armistead, 41 Tex. Civ. App. 35, 90 S. W. 925; Roberts v. True, 7 Cal. App. 379, 381, 94 Pac. 392; Rowe v. Mulvane, 25 Colo. App. 502, 139 Pac. 1041.

"Hill and Claytor have brought no action. Therefore there is no action for the statute to operate against. They are simply seeking to exercise the power conferred upon the trustee, Hill, by the deed of trust. We do not think the statute of limitations controls them in any respect. To say that it did would be to read into it something which the Legislature did not place there."

In Brereton v. Benedict, 41 Colo. 16, 92 Pac. 238, the supreme court of Colorado reiterated the rules announced by it in two of its prior decisions—Holmquist vs. Gilbert, 41 Colo. 113, 92 Pac. 232, and Foot vs. Burr, 41 Colo. 192, 92 Pac. 236—thus:

"In the above cases it was held: (1) That our statute of limitations operates only to bar the remedy by an action, and not to extinguish the debt or cause of action, citing Grant v. Burr, 54 Cal. 300; Farmers' L. & T. Co. v. Denver, L. & G. Co., 126 Fed. 46, 60 C. C. A. 588; Menzel v. Hinton, 132 N. C. 660, 44 S. E. 385, 95 Am. St. Rep. 647; Jones on Mortgages (6th Ed.) § 1203. (2) That our statute, which reads, 'The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards', applies only to suits brought in court, and that the proceeding by a trustee to sell the property after

advertisement in accordance with the terms and conditions of the trust is in no sense an action such as is contemplated by our statute, and that such proceeding to sell was not barred thereby. Hall v. Bartlett, 9 Barb. (N. Y.) 297; Hayes v. Frey, 54 Wis. 503, 11 N. W. 695; Stevens v. Osgood, 18 S. D. 247, 100 N. W. 161; Goldfrank v. Young, 64 Tex. 432. Also that the statute is to be employed as a means of defense. It is a personal privilege granted to a defendant debtor, which he may waive. (3) That where a party has two remedies for an enforcement of a right, the one he chooses is not barred by the statute of limitations merely because the other, if he had resorted to it, would have been. 25 Cyc. 999, and cases cited; Fievel v. Zuber, 67 Tex. 277, 3 S. W. 273; Hayes v. Frey, supra. It was further held that, while the trust deed is a lien upon the property and an incident to the note to the extent that it becomes extinguished by the payment of the note, nevertheless it is such a lien as may be enforced under the conditions and by the terms of the trust as embodied in the trust deed; the personal contract of the debtor being in nowise affected by the statute."

The court adhered to the rules thus stated and affirmed a judgment where the trial court denied an application for an injunction to restrain the trustee in a trust deed possessing the power of sale from exercising that power though it was alleged that the trust deed and the note secured thereby was barred by the statute of limitations and the debt evidenced by the note was by said statute extinguished. The appellate court concluded its opinion thus:

"In view of the rules above stated applicable to this case, and for the further reason that the plaintiff could not by such an action be relieved from the debt, even though in an action against her she might have successfully pleaded the statute of limitations, we think the court was correct in its finding in this respect, and that the injunction was properly denied."

Stevens vs. Osgood, 18 S. Dak. 247, 100 N. W. 161 were also the defense to the exercise of a power of sale

in a mortgage was that the exercise of such a power was barred by the statute of limitations of six years, there was a statutory definition of an action in that state reading:

"An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

It was held that a proceeding to foreclose a mortgage by advertisement was not an action "because no right is litigated between parties nor is the power of a court of law or equity invoked. Hall vs. Bartlett, 9 Barb. 297". In disposing of the case the court further said:

"In addition to the remedy by action, which must be exercised within the statutory limitation, the mortgagor gave the mortgagee or his assignee the power of sale, and his remedy in the case of default was therefore doubled. Assuming, without deciding, that the remedy by action has been lost by the lapse of time, that fact in no manner destroys or constitutes an impairment of the contractual right to foreclose by advertisement. In the case of Hayes v. Frey, 54 Wis. 503, 11 N. W. 695, the court says: "There are at least two very good reasons why the statute should not be a bar to the foreclosure by advertisement. The first is that the proceedings are not an action, and the statute of limitations has no application to the case; and the second is that the power to sell is granted whenever there is a default in the payment of the money secured by the mortgage. There is no pretense that the money secured by the mortgage was ever paid, and so there was clearly a default in a condition of the mortgage, which authorized the execution of the power. It may also be remarked that the statute which regulates the sale under the power does not prescribe any limitations as to the time within which the proceedings must be had, and the general statute of limitations applies only to the times within which actions shall be commenced. The fact that the debt secured by the mortgage appears to have been barred by the statute of limitations is no

bar to the proceedings to foreclose under the statute'. The following cases are directly in point: Menzel v. Hintin (N. C.) 44 S. E. 385; Cone v. Hyatt, 132 N. C. 810, 44 S. E. 678; Golcher v. Brisbin, 20 Minn. 453 (Gil. 407); Dimmitt County v. Oppenheimer (Tex. Civ. App.) 42 S. W. 1029. As the statute of limitations applies merely to the remedy by action, and does not discharge the debt or raise a presumption of payment, the lien of a mortgage on real property, containing a power of sale, is not destroyed, nor the right to foreclose by advertisement lost, by the mere lapse of sufficient time to prevent a foreclosure in court."

The views expressed in the Osgood case were subsequently approved by the same court in the later case of Kamman vs. Barton, 26 S. Dak. 371, 128 N. W. 329 and it was there said that the decision was "sustained by ample authority."

A result contrary to the views expressed in the Osgood case appears to have been reached in Scott vs. District Court Etc., 15 N. Dak. 259, 107 N. W. 61 and our attention is invited by the plaintiff to the fact that the prevailing opinion in that decision undertook to criticize views expressed in the Osgood case. But there was an emphatic dissent in the Scott case and the dissenting judge expressed the opinion that the criticism aforesaid was "misdirected". Moreover, in the case of Tracy vs. Wheeler, 15 N. Dak. 248, 107 N. W. 68 decided at about the same time as the Scott case and by the same court, it was held:

"Applying the maxim that 'he who seeks equity must do equity,' it is held that a court of equity will not cancel a real estate mortgage securing a just debt, which concededly has not been paid, at the suit of the mortgagor, or one standing in his shoes, when the only ground urged for such relief is that the statute of limitations is available as a defense against its foreclosure."

And in McLean vs. Underdal 73 N. Dak. 74, 11 N. W. 2d 102, the supreme court of North Dakota quoted the

statutory definition of an action which appeared in the laws of North Dakota as well as those of South Dakota and then pointed out that in the Osgood case:

"The Supreme Court of South Dakota has held that a foreclosure by advertisement of a real estate mortgage does not constitute an action under the foregoing definition."

In 161 A. L. R. 1388 the note states that:

"The conclusion to be drawn from the cases is that in the application of the equitable doctrine of doing equity as a condition of relief, a mortgagor or other person under moral obligation to pay a debt notwithstanding the bar of its enforcement arising from the statute of limitations or a presumption of its payment may have such a mortgage lien removed as a cloud only upon the condition that he pay the amount which in equity he owes. He cannot merely upon the assertion of the unenforceability of the mortgage debt, and upon that ground alone, secure affirmative relief."

And the same note in a later subdivision also declares that:

"In the application of the general rule that the statute of limitations may not be asserted as a ground for affirmative relief, in conjunction with the equitable maxim that 'he who seeks equity must do equity', the majority of courts, in the absence of a statute declaring a different rule, hold that a court of equity will not, at the suit of a mortgagor or his successor in interest, cancel a real-estate mortgage or other security given for a debt, for the purpose of removing a cloud or quieting title, where the only ground urged for such relief is that the statute of limitations has run against the right to enforce the encumbrance, while the debt secured remains unpaid; in such case equity will require the plaintiff to do equity or offer to do equity by paying or offering to pay the lien."

Decisions from some nineteen appellate jurisdictions in the nation are there cited in support of the foregoing statements.

Additionally it may be observed that if sections 3-503

and 3-504, W. C. S. 1945, have the effect which plaintiff insists they do have, i. e., to limit the time within which the power of sale in a mortgage or trust deed may be employed to foreclose such instrument, then the State Legislature in 1945 did a useless thing in enacting Chapter 122, Laws of Wyoming, 1945 hereinafter to be considered. It is perfectly clear that the State Legislature aforesaid and the chief executive who approved the law and their legal advisers thought that it was at least far from clear that such a statute was in existence. If plaintiff is correct in his contention, we have had a statute of limitations limiting the exercise of such powers of sale in mortgages for decades. It has not been so considered within our knowledge.

We conclude from what has above been said and from the foregoing review of authorities—and that review does not undertake to be exhaustive—that prior to the enactment of Chapter 122, Laws of Wyoming, 1945 amending and re-enacting Section 71-205, W. R. S. 1931 (the amended and re-enacted statute appearing now as 59-201 W. C. S. 1945) there was no statute limiting the time within which the right to exercise a power of sale contained in a mortgage or trust deed might be invoked, and Sections 3-503 and 3-504, 1 W. C. S. 1945 (W. R. S. 1931, Sections 89-408 and 89-409) limiting the time within which actions upon contracts might be brought have no application.

As already mentioned, it is contended that Section 59-201, 1 W. C. S. 1945, in its proper application forbade the Tailoring Company to proceed by advertisement and by virtue of power of sale in the mortgage contained, to foreclose that instrument. That law appears first as Chapter 122, Laws of Wyoming, 1945 which amended and re-enacted Section 71-205 W. R. S. 1931 which reads:

"Every mortgage of real estate, containing therein a

power of sale upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner hereinafter specified."

The text of this section has been verbatim carried forward and published in all subsequent revisions and compilations of the laws of Wyoming Territory and the State of Wyoming since its enactment in Session Laws of Wyoming Territory 1882, Chapter 72, Section 1. The section last quoted was changed by Chapter 122 aforesaid so that it now contains this language:

"Every mortgage of real estate, containing therein a power of sale upon default being made in any condition thereof, may be foreclosed by advertisement within ten (10) years after the maturing of such mortgage or the debt secured thereby, in the cases and in the manner hereinafter specified; provided, that the time within which such proceeding may be commenced under the power of sale contained in any mortgage executed after the date of this Act (§§ 59-201—59-213) becomes effective shall begin to run from the date of such mortgage, unless the maturity of the debt or obligation secured by such mortgage be clearly stated in, or is otherwise readily ascertainable from the provisions of, such mortgage."

It is insisted for the plaintiff that said Section 59-201 is retroactive in operation. But the law says, 53 C. J. S. 913, Section 4, that:

"Under the fundamental rule for the construction of statutes, discussed in the C. J. S. title Statutes § 414, also 59 C. J. p. 1159 note 37 et seq., statutes of limitation ordinarily will not be given a retroactive effect unless it clearly appears that the legislature so intended;"

So I Wood on Limitations, 68, Section 12b asserts that:

"It is generally held, as stated in section 12, that a statute of limitations will not be given a retroactive operation unless it appears by express provision or necessary implication that such was the legislative intent."

It may be said that it is also generally true that a stat-

ute of limitations couched in appropriate language may be given a retroactive effect "where no right is thereby impaired or destroyed" and where a reasonable time is given "in which existing causes of action may be sued on". Seciton 4, page 913 of 53 C. J. S., supra.

These principles are readily deducible from what the supreme court of the United States has said in State of Louisiana vs. City of New Orleans, 102 U. S., 203, 206, 26 L .Ed. 132:

"The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced; by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tend to postpone or retard the enforcement of the contract, the obligation of the latter is, to that extent, weakened."

And in Edwards vs. Kearzey, 96 U. S. 595, 607, 24 L. Ed. 793, 799:

"The remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore, void."

Our attention has been directed to the case of Mulvey vs. City of Boston, 197 Mass. 178, 83 N. E. 402. We think that case does not aid us here in the solution of the exact point involved. The court points out that:

"The cause of action in the present case was not barred until the expiration of 1 year and 7 months after the statute was passed."

The court also said that:

"A statute declaring that a period already elapsed should bar an action upon a contract would be an arbitrary destruction of contractual rights, and would be unconstitutional."

and quoted the language of Chief Justice Shaw in Loring v. Alline, 9 Cush. as follows:

"Indeed, we think it is the common practice and open

to no objection, in passing a statute of limitation, to make it apply as well to all causes of action which have already accrued as to those which may afterwards accrue, if sufficient time be allowed between the passing of the act and the time fixed for the limitation to afford a full and ample time to all persons having such causes of action to commence their suits."

We are referred by plaintiff to our decision in James vs. Chapman, 50 Wyo. 210, 58 Pac. 2d 439. Its facts are far afield from those presented in the case at bar. The statute in force at the time the mortgage there involved was given, provided for the exercise of the power of sale by advertisement in a newspaper for six weeks. The advertisement actually used was one which had been inserted for four weeks only. Meanwhile the statute had been changed, the time of the advertisement being shortened from six weeks to four weeks. The only question presented was which period should govern and it was held that the shorter period prescribed by the later statute should control. Yet this court in that case said:

"Nor can there be any question but that the Legislature may change the remedy for the enforcement of a mortgage where the parties themselves have not provided for a particular remedy. 'The character and legal effect of a mortgage and the rights, duties and liabilities of the parties under it, are fixed by the law in force at the time of its execution and can not be affected by statute subsequently passed, except in so far as they relate merely to the remedy or to matters of procedure.' 41 C. J. 449. See, also, 12 C. J. 1067, and cases cited to the effect that the Legislature may regulate or change remedies for the enforcement of existing contracts. A limitation, of course, is that the substituted remedy must afford a fair method of enforcing the contract, and not impair its obligation."

In the case at bar in the mortgage being considered, the parties themselves have provided for a particular remedy, i. e., the power of sale by advertisement upon

default being made in the payment of the mortgage debt.

The two cases of Clark vs. Beck, 14 N. Dak. 287, 103 N. W. 755 and Atlantic Loan Co. vs. Peterson, 181 Ga. 266, 182 S. E. 15 are instructive and of aid in the disposition of this branch of the case at bar.

In the Clark case the trial court held in an action to quiet title that the plaintiff's former title to the land had been divested by sheriff's sale of the property held on November 23, 1901 in mortgage foreclosure proceedings by advertisement under a power of sale in the mortgage. It was conceded that the title claimed under this sale was good "unless the right to foreclose by advertisement had been barred because more than ten years had elapsed" since the mortgage debt matured. Before the enactment of Chapter 120, Laws of North Dakota 1901, no law limited the time within which the right thus to foreclose a mortgage could be exercised. Affirming the judgment below, the supreme court of North Dakota said:

"Such a foreclosure is not an action, and hence was not affected by section 5200, subd. 2, Rev. Codes 1899, which limited the right to foreclose by action to 10 years from the time the cause of action accrued. That section of the Code of Civil Procedure was amended by Chapter 120, p. 152, Laws 1901, so as to include in the limitation prescribed thereby 'any proceeding by advertisement or otherwise for the foreclosure of a mortgage upon real estate'. The act was passed with an emergency clause, so that it took effect on the day of its approval by the Governor, February 27, 1901. This amendment must be construed to be prospective only in operation. The time already elapsed before the passage and approval of the act cannot be taken as any part of the time limited by the amendment for commencing proceedings to foreclose by advertisement. The act does not expressly so declare, and, if it did, it would be unconstitutional as to those whose rights to invoke that remedy had accrued 10 years or more be-

fore the act took effect. While the Legislature has full power to enact limitation laws, and even to frame them in such a way that the time already elapsed before the law takes effect shall be computed as part of the time limited by the new act, yet its power in this respect is subject to the condition that it must allow a reasonable time after the new law becomes operative in which persons affected by it may resort to the remedies to which the law applies. Osburne v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516. The law in question makes no provision in this respect, and the courts have no power to supply the omission. Osborne v. Lindstrom, supra."

This decision was not disturbed by the ruling of the same court in the Scott case, supra, according to an express statement to that effect in the last mentioned decision.

The Atlantic Loan Co. case was a suit for an injunction by Peterson against the Loan Company. The injunction sought was granted by the trial court. But the state's court of final authority reversed this ruling. It appeared that a security deed executed in 1930 provided that in case of default in payment of the debt the grantee might sell the property at the court house in a named county different from that in which the property was located after first advertising the sale for a stated period in a newspaper in the county in which the sale should be conducted. The appellate court according to its own summary of the decision, held that:

"section 2 of the Act of March 28, 1935 (Laws 1935, pp. 381, 382), could not be constitutionally applied to such pre-existing contract so as to require, in terms of the statute, that the sale should 'be advertised and conducted at the time and place and in the usual manner of sheriff's sales in the county in which such real estate, or a part thereof, is located'."

so that:

"The same is true of the provisions of section 1 of such statute (page 382), relating to confirmation of sale,

and bridging the right to a deficiency judgment after a sale under the security deed."

Finally it was held that:

"As to the rights conferred by the prior security deed, the entire act is invalid. The court erred in granting an injunction to restrain the grantee from exercising the power of sale in conformity to the stipulations contained in such instrument."

We note also that the supreme court of the United States has said in Wilson vs. Standefer, 184 U. S. 399, 22 S. Ct. 384, 388, 46 L. Ed. 612, 617 that:

"In the proposition often stated in the decisions that parties contract with reference to existing laws, and that such laws become a part of the contract, the reference is to those laws which determine and fix the obligation of the contract, the correlative rights and duties springing from it, and not to laws of mere procedure prescribing remedies. With reference to these, there is ordinarily no obligation arising, but the contract is made in contemplation of the power of the legislature to change them. Of course, all remedy cannot be taken away, nor can the existing remedy be so altered as to take away or impair any of the rights given by the contract as interpreted by existing law. *It is also true that a specific remedy, provided by the contract itself, cannot be changed by legislation, because it constitutes a part of the contract.*" International Bldg. & L. Asso. v. Hardy, 86 Tex. 610, 24 L. R. A. 284, 26 S. W. 497." (Italics supplied).

In Taxpayer's League of Carbon County, Wyoming vs. McPherson, 49 Wyo. 251, 54 Pac. 2d 897, 906, this court referred to and applied certain fundamental principles of statutory construction under constitutional requirements, viz.:

"That all statutes are presumed to be constitutional and every reasonable doubt will be resolved in favor of their validity, State v. Snyder, 29 Wyo. 163, 212 P. 758; and that no statute will be so construed as to make it unconstitutional if such construction can be avoided, Houghton Bros. v. Yocum, 40 Wyo. 57, 274 P. 10."

Section 59-201 W. C. S. 1945 must therefore be held, so far as the record before us is concerned, to operate prospectively and not retroactively.

It seems to be argued for the plaintiff finally that the time elapsing between the passage of Chapter 120, Laws of Wyoming, 1945 on February 20, 1945 and the date it took effect, ninety days thereafter (2 W. C. S. 1945, Section 16-405) is a sufficiently reasonable time under the facts here presented to permit the holder of the mortgage here involved to bring proceedings by advertisement in exercise of the power of sale in that instrument contained. We think this contention without merit. In Adams & Freese Co. vs. Kenoyer, 17 N. Dak. 302, 116 N. W. 98, it is very well said that:

"But conceding that the Legislature in enacting the statute intended to make it retroactive as well as prospective in its operation, and also intended to and did fix the time between its enactment and the date of its taking effect, July 1st, for the institution of proceedings on existing mortgages, still the time thus fixed was, as a matter of law, unreasonable, and hence the statute cannot be held to apply to foreclosure proceedings under mortgages which had matured prior to the enactment thereof. The time between these dates was but 3 months and 21 days. In that short space of time it would be almost an utter impossibility, even if they, in fact, acquired knowledge of such law on the day it was enacted, for all persons, including residents and nonresidents, owning real estate mortgages on property in this state under which causes of action had accrued, to cause foreclosure proceedings to be instituted on all such mortgages. In considering the validity of such statute when applied to existing causes of action, it is both just and reasonable to assume, what we all know to be true as a matter of common knowledge, that a large per cent. of such persons, especially nonresidents of the state, would not, in that short period of time, acquire knowledge that such a vitally important statute to them had been enacted. One of the objects of the constitutional provision providing that no law shall take effect before July 1st, except in case of an emer-

gency, no doubt was to give the people an opportunity during the intervening time between the date of the passage of the statute and July 1st thereafter to become acquainted with the provisions of such law; yet under the rule contended for the citizen as well as the nonresident is bound at his peril, not only to acquire knowledge of the statute, but to act in contemplation of the same before the taking effect thereof. These considerations have induced us to hold as above indicated."

Similarly the New York Court of Appeals in People vs. Cohen, 245 N. Y. 419, 157 N. E. 515, after referring to the fact that a certain section of the Code of Criminal Procedure of that state prescribed that "no part of this code is retroactive unless so declared", proceeded to say:

"This is in accord with the general rule for the construction of all statutes which, even in the form of rules of evidence or procedure, substantially affect the liability of parties, as we have recently held in Campbell v. New York Evening Post, 245 N. Y. 320, 157 N. E. 153. Statutes of limitations are so construed, except where the contrary legislative intent is clearly shown. Thomas v. Higgs, 68 W. Va. 152, 69 S. E. 654, Ann. Cas. 1912A, 1039, and note. 'It is well settled', said this court in Halsted v. Silberstein, 196 N. Y. 1, 15, 89 N. E. 443, 448, 'that a statute of limitations intended as a *retrospective law* must give a person reasonable time to enforce a remedy available to him before the bar of the statute will apply.' And the fact that the act affords a reasonable interval between its passage, or becoming a law, and its taking effect is not enough. Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118."

As the case at bar must be remanded for a new trial it is not improper to suggest that if upon that trial it be established that the debt secured by the mortgage has been paid, then, of course, the power of sale therein could not be exercised, inasmuch as the condition upon which it might be invoked would not have arisen. The judgment of the district court of Big Horn county

is accordingly reversed with instruction to grant a new trial, such proceedings to be had therein not in conflict with the view hereinabove expressed.

*Reversed with Instructions.*

KIMBALL, J., and BLUME, J., concur.